UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

|  |  |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) ) CAUSE NO. 3:05-MD-527 RM ) (MDL-1700) ) ) THIS DOCUMENT RELATES TO ) ALL CASES |

**OPINION AND ORDER**

On August 10, 2005, this multidistrict litigation case was transferred to the Northern District of Indiana pursuant to 28 U.S.C. § 1407 to perform consolidated pretrial proceedings. On February 21, 2007, through March 13, 2007, Plaintiffs filed several motions to amend some of their complaints to which Defendant FedEx Ground Package System Inc. (Fedex) objected. For the following reasons, Plaintiffs' motions [Doc. No.s 529, 534, 537, 539, & 566] are **DENIED**.

**I.    PROCEDURE**

On November 15, 2005, this Court entered an initial scheduling order governing various matters in this case. Pursuant to this Court's order and the parties' consent, discovery on liability and damages was bifurcated. On November 29, 2005, this Court entered a supplemental scheduling order that set the discovery deadline for liability as August 1, 2006, and set class certification briefing to begin on August 8, 2006.[1] Since that time, this Court has extended these deadlines several times. The final discovery deadline was January 31, 2007, and the class certification briefing commenced, as planned, by March 12, 2007.

---

[1] Class certification was broken down into three waves. Each subsequent wave was to be filed approximately three weeks after the one filed before it.

After the discovery deadline passed, Plaintiffs filed several motions to amend. On February 21, 2007, Plaintiffs sought to amend their complaint in the Ohio lawsuit to add class action allegations. On February 23, 2007, through February 28, 2007, Plaintiffs sought to amend their complaints in the Montana, Tennessee, and Arkansas lawsuits by adding named Plaintiffs. Finally, on March 13, 2007, Plaintiffs sought to amend their complaint in the Oregon lawsuit to add named Plaintiffs and add a claim for injunctive relief.[2] This Court may rule on these motions pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

## II. ANALYSIS

In determining whether a party should be granted leave to file an amended complaint, this Court liberally applies Fed. R. Civ. P. 15(a), which allows for the liberal amendment of pleadings when justice so requires. However, Fed. R. Civ. P. 16(b) specifically states that a schedule shall not be modified except upon a showing of good cause.[3]

This Court finds that Plaintiffs have not established good cause and that it is not in the interests of justice to allow amendments to the pleadings at this late stage. In an attempt to establish good cause, Plaintiffs claim that timing has caused the late filing of its motions to amend; specifically, that they were not approached by the new Plaintiffs until a late date and that

---

[2]Even though the final motion to amend is not ripe, the request for relief is substantially similar to the other motions to amend. In fact, Plaintiffs' arguments and memorandum in support or their motion contains nearly identical language at points as Plaintiffs' previous memorandums in support of their previously filed motions. Furthermore, this Court has no doubts that Fedex maintains the same objections to the unripe motion to amend as the ripe motions to amend even though they have not, to this date, filed an objection. Therefore, this Court feels confident that it can adequately rule on the final motion even though parties have not finished briefing it.

[3]As this Court stated in its May 11, 2006, order, "although the scheduling order does not specifically use the words 'good cause,' because it was entered pursuant to Rule 16(b), the language contained in Rule 16(b) governs the scheduling order." (3:05-md-527, Doc. No. 250 at 2).

2

late transfers of new cases to this litigation were also a cause. However, the docket indicates that the last case that was transferred here was on January 3, 2007, which was weeks before the close of discovery. Also, this Court has already extended the discovery deadline and the class certification briefing schedule in this case several times, which has allowed Plaintiffs an abundance of opportunity and time to adequately prosecute this litigation, determine all the appropriate named Plaintiffs, and amend their complaints to contain the appropriate requests for relief. As a result, this Court finds that timing has not constrained Plaintiffs so as to require the late filing of their motions after the close of discovery. Plaintiffs have not established good cause. Because of the ample time Plaintiffs have already had and the extent of which this litigation has already been delayed, amending the complaint at this late stage of the litigation, after the close of discovery, is simply not in the interests of justice.

Regardless of Plaintiffs' claims of good cause, this Court also looks at the prejudice the amendment would cause Fedex. Fedex argues that it will be prejudiced if the Plaintiffs are allowed to amend their complaint. Specifically, Fedex argues they will need to conduct more discovery after the discovery date has closed. Fedex will need to seek new requests for production and Fedex will have to conduct more depositions of every newly named Plaintiff. Not only does Fedex argue that this constitutes prejudice, but the eleventh hour filing of the motions to amend potentially endangers the class certification briefing schedule and, at the very least, puts more pressure and time constraints on Fedex to complete its response to the class certification request adequately and thoroughly.

Even if Plaintiffs could establish good cause, and this Court believes they have not, this Court agrees that allowing motions to amend Plaintiffs' complaints would be prejudicial to Fedex and warrants preventing amendments to the pleadings. Discovery has closed as of January 31, 2007, yet Plaintiffs motion would inevitably require discovery to, essentially, be re-

opened weeks after the passing of the discovery deadline. Re-opening discovery, or even allowing more discovery, at this stage in the litigation would cause Fedex to expend additional resources to be able to properly defend the lawsuit, particularly because the amended complaints will require wide ranging discoveryfrom Ohio to Oregon.[4] See Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1298 (7th Cir. 1993) ("If the amendment were allowed, the [party] would have been put to additional discovery, and thus prejudiced."); A. Cherney Disposal Co. v. Chi. & Suburban Refuse Disposal Corp., 68 F.R.D. 383, 386 (N.D. Ill. 1975).

Furthermore, this Court agrees that it would be prejudicial to make Fedex scramble to obtain more discovery while trying to generate and file a response to the Plaintiffs' motions for class certification, some of which have already been filed. Plaintiffs argue that Fedex has an extensive legal team with many resources, and as a result, they are confident Fedex will be able to conduct, finish, and apply the discovery to class certification prior to any applicable deadlines. Even though Fedex has an extensive legal team and many resources, these facts do not justify placing such a burden upon Fedex. Allowing Plaintiffs to amend their complaints at such a late date would impede the progress in this case and be in direct contradiction to Fed. R. Civ. P. 1, which requires this Court to administer the rules in such a way to secure the just, speedy, and inexpensive determination of every action.

Plaintiffs argue that all the claims and newly added Plaintiffs in this case are substantially similar to other claims in this case in which discovery has already been performed. In essence, because the discovery that will need to be performed is so similar to discovery that has already been done, it will not take long and is more of an administrative burden than anything else.

---

[4]In fact, this is the exact opposite situation this Court face on May 11, 2006, when it allowed amendments to the pleadings. At that time, Fedex failed to show prejudice because discovery had not closed, which is different from the current situation where discovery has closed.

However, even though all the new discovery that will be required will be substantially similar, it does not change the fact that more discovery will have to be conducted. Discovery has closed and the parties are to be focused upon the next stage of this litigation, class certification. The simple fact is that re-opening any discovery prolongs a phase of this litigation that is completed and is an impediment for the parties in moving forward with and completing the next phase of this litigation. While re-opening limited discovery is not a novel issue, the effect remains the same, and it is the effect that causes undue prejudice to Fedex.

In summary, the Plaintiffs have not established good cause to amend their complaints, and Fedex would suffer prejudice if amendments to the pleadings were allowed at this late stage of the litigation. Plaintiffs' motions to amend are **DENIED**.

### III. CONCLUSION

Because of the undue prejudice to Fedex and the other reasons stated, Plaintiffs' motions to amend various complaints are **DENIED** [Doc. No.s 529, 534, 537, 539, & 566].

**SO ORDERED.**

Dated this 2nd day of April, 2007.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge