THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE ) <br> SYSTEM, INC., EMPLOYMENT ) <br> PRACTICES LITIGATION ) <br> ------------------------------------------------- ) <br> THIS DOCUMENT RELATES TO: ) <br> ) <br> ALL ACTIONS ) <br> ) | Cause No. 3:05-MD-527 RM <br> (MDL-1700) |

OPINION AND ORDER

Magistrate Judge Nuechterlein entered an order on January 5 denying the plaintiffs' motion to compel production of information relating to a focus group survey performed by FedEx. The matter is before the court on the plaintiffs' objection to the Magistrate Judge's order, and for the reasons that follow, the court overrules their objection.[1]

The court reviews the magistrate judge's discovery-related decision under FED. R. CIV. PRO. 72(a) which provides, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." *See also* Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997); 28 U.S.C. § 636(b)(1)(A). This "clear error" standard means "the district

---

[1] Judge Nuechterlein's January 5 order also addressed the plaintiffs' request for so called "headcount" documents and two other motions to compel (plaintiffs' second and third motions to compel). The January 5 order granted production of the headcount documents, and denied the other two motions to compel without prejudice, so those discovery requests aren't before the court.

court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Id. An objecting party generally may not raise new issues that weren't presented to the Magistrate Judge. Rodriguez v. Pataki, 293 F. Supp.2d 313, 315 (S.D. N.Y. 2003) (denying the defendant's requests for rulings on issues not addressed by Magistrate where court had referred all discovery disputes in the case to the Magistrate since he is in the best position to review them in the first instance); *see also* Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (Magistrate Judge Act, absent compelling reasons, doesn't allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate.); *accord* Marshall v. Chater, 75 F.3d 1421, 1426-1427 (10th Cir. 1996); Cupit v. Whitley, 28 F.3d 532, 535 (5th Cir. 1994); Borden v. Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir.1987).

Over the past several years, FedEx has contracted with different companies to conduct surveys on the attitudes and preferences of its package delivery drivers. From 2000 to 2004, Scarlet Surveys International conducted a biannual company attitude survey; the parties agree for purposes of the motion to compel that the Scarlet surveys were commissioned for FedEx's business use. In 2005, FedEx hired a new firm—Luntz Maslensky Strategic Research—to perform a survey on its drivers' attitudes. In the fall of 2006, FedEx hired Field Research to perform another employee attitude survey. FedEx disclosed the results of the Field survey through Dr. Deborah Jay's expert report on January 7, 2007, but the

materials relating to the Lunz survey haven't been disclosed and are the subject of the plaintiffs' motion to compel.

The magistrate judge determined that "the Luntz survey was commissioned by Fedex's counsel in anticipation of litigation," so he denied the plaintiffs' motion to compel under the work-product doctrine, which "shields materials that are prepared in anticipation of litigation from the opposing party." Mattenson v. Baxter Healthcare Corp., 438 F.3d 763, 767-768 (7th Cir. 2006). The plaintiffs contend that the magistrate judge's ruling was clearly erroneous because: (1) "The Order Ignores Evidence Of The Dual Purpose Of The Luntz Survey/Focus Group Documents And Shifts The Burden To Disprove Work Product to Plaintiffs," (2) "Plaintiffs Have Substantial Need For the Luntz Opinion Research and FXG [FedEx Ground] Has Implicitly Waived Any Privilege Which May Have Attached To The Research By Placing At Issue The Opinions of Putative Class Members," and (3) "The Order Erroneously Ignored Plaintiffs' Argument That The Luntz Survey/Focus Group Documents Should Be Produced As A Sanction for Violation of Indiana Rule of Professional Conduct 4.3."

The bases for the magistrate judge's conclusion that the Lunz survey was commissioned for the purposes of this litigation were defense counsel's affidavit and statements in open court. The plaintiffs say the magistrate judge ignored certain key evidence of the dual purpose of the survey in reaching this conclusion. The court disagrees. The magistrate judge's order doesn't indicate that either piece of evidence allegedly ignored—a similar survey having been conducted for

business purposes in the past and an email from Tim Edmonds stating the "attitude survey will be done by a new company"—wasn't considered. It appears from the order that the magistrate judge considered this evidence, but found it unconvincing of the conclusion that the survey was used for business purposes rather than litigation:

> Even when [ ] [Mr. Ostov's] email is viewed in conjunction with the fact that Fedex performed surveys in the past, it simply is insufficient to conclusively contradict the statement and affidavit by Schwartz that the survey was done for purposes of litigation. At best, Plaintiffs have offered merely circumstantial evidence that suggests rather than proves that the Luntz survey was not commissioned purely for litigation purposes. [Doc. No. 446]

The plaintiffs ask that the court give particular evidence greater weight and draw certain conclusions the magistrate judge declined to draw. The "clearly erroneous" standard requires more than the court's belief that it would have weighed the evidence differently, so the court isn't persuaded that the magistrate judge committed clear error in concluding the Luntz survey was commissioned for litigation purposes. Goffman v. Gross, 59 F.3d 668, 671 (7th Cir. 1995).

Even if the study wasn't used for purely litigation purposes (as contemplated by the January 5 order), the magistrate judge placed the burden on FedEx to show that the primary purpose of the Lunz survey was litigation, so the court cannot say he erroneously applied the work-product doctrine. *See* Binks Manufacturing Co. v. National Presto Industries, Inc., 709 F.2d 1109, 1119 (7th Cir. 1983) ("While litigation need not be imminent, the primary motivating purpose behind the creation of a document or investigative report must be to aid in

4

possible future litigation."); In re Special September 1978 Grand Jury (II), 640 F.2d 49, 61-62 (7th Cir. 1980) (rejecting contention that documents automatically fall outside the scope of the work-product doctrine when they are prepared for purposes other than assistance in litigation). After the magistrate judge determined that FedEx had established its right to withhold information as work-product, he considered the plaintiffs' evidence and found it didn't support a contrary conclusion. *See, e.g.,* Toledo Edison v. G.A. Technologies, Inc., 847 F.2d 335, 339 (6th Cir. 1988) (showing required by the party resisting discovery can be made "in any of the traditional ways in which proof is produced in pretrial proceedings such as affidavits made on personal knowledge, depositions, or answers to interrogatories"). Nothing in the record leaves the court with a definite and firm conviction that a mistake has been made in denying the motion to compel.

The magistrate judge held that the plaintiffs had waived their ethical violation argument because it was raised for the first time in their reply brief. While the court agrees that FedEx hasn't necessarily suffered any prejudice, since it was permitted to file a surreply and respond to this argument at the December 20 hearing, the plaintiffs haven't cited any authority for the proposition that allowing a surreply creates an obligation that a court consider an argument raised for the first time in a reply brief, so the court cannot say the magistrate judge's decision not to consider the ethical violation argument is contrary to law. *See, e.g,* Parts & Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir. 1988)

(noting that a decision is clearly erroneous only if it strikes the court as "wrong with the force of a five-week-old, unrefrigerated, dead fish."); *see also* Tompkins v. R.J. Reynolds Tobacco Co., 92 F. Supp.2d 70, 74 (N.D. N.Y. 2000); ("An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure.").

Work-product can be discoverable "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." Mattenson v. Baxter Healthcare Corp., 438 F.3d at 768.[2] The plaintiffs' substantial need argument wasn't raised before the magistrate judge, so the court declines to consider it on a motion for review under Rule 72(a). *See* Rodriguez v. Pataki, 293 F. Supp.2d at

---

[2] The Lunz survey materials cannot be compelled under the substantial need or waiver doctrine if the materials are opinion work-product. Mattenson v. Baxter Healthcare Corp., 438 F.3d at 768. The plaintiffs claim to be seeking only the results of the survey, which they say are "factual documents that do not constitute opinion work-product." *See, e.g.,* Morisky v. Public Service Elec. and Gas Co., 191 F.R.D. 419, 425-426 (D. N.J. 2000) ("What a witness 'knows' is not the work of counsel. That the witness' knowledge should be discoverable on a first-hand basis but not in the form of answers given to opposing counsel in writing, strikes the court as an example of elevating form over substance; and is as far as the qualified work-product privilege is concerned, a fiction."). FedEx says the Lunz survey was "undertaken to research theories and issues arising from this litigation, as framed by Defendant's attorneys," so the entire research is opinion work-product and not susceptible to the plaintiffs' claim of substantial need or waiver.

The court can foresee situations where the particular question asked, and likewise the answer given, can elicit, to a certain degree, the mental impressions of the attorney who framed it. The magistrate judge didn't address the plaintiffs' waiver argument in his written opinion and summarily dismissed their nonexistent substantial need claim, so there is little tangible information before this court as to the questions asked in the Luntz survey. As such, the court cannot say with any degree of certainty whether the answers to these unknown questions constitute fact or opinion work-product. In any event, the court needn't make this determination because the plaintiffs cannot show a substantial need for this material, and the record doesn't persuade the court that FedEx has waived its work-product privilege.

315. The plaintiffs say they should be excused from not raising this argument because they didn't previously know they had a substantial need for the Lunz survey materials in preparation of their case. That is, they only became aware that the drivers' subjective preferences were at issue when FedEx disclosed Dr. Jay's expert report. The court disagrees.

In a March 2006 letter to FedEx's counsel, plaintiffs' counsel, Lynn Faris, articulated several responses to FedEx's discovery objections. In reference to the Scarlett Surveys, Ms. Faris wrote, "surveys regarding drivers' views of their employment status [are] directly relevant to issues in this litigation." In a September 2006 letter to opposing counsel, she wrote, "[i]t has come to our attention that FedEx Ground is once again conducting surveys of drivers who are members of the putative plaintiff class in this litigation. Specifically, we have learned that drivers have been contacted by 'Field Research Corp.' and questioned about their relationship with Fed Ex and their opinions about 'independent contractor' versus 'employee' status." Ms. Faris' correspondences indicate that she was aware of the Lunz and Field survey materials, and the potential need for research on the drivers' preferences before the disclosure of Dr. Jay's report, so the court declines to address the argument at this late date.

Even were the plaintiffs permitted to raise this argument, the court isn't persuaded that they have shown they are unable without undue hardship to obtain the substantial equivalent of the materials by other means. FED. R. CIV. P. 26(b)(3). The Lunz survey materials aren't unique, nor are they the type of

evidence that cannot be reproduced. *See, e.g.,* Marchello v. Chase Manhattan Auto Finance Corp., 219 F.R.D. 217, 219-220 (D. Conn. 2004). The plaintiffs have been in possession of the names and phone numbers of the FedEx drivers since July 2006 and have known of the potential relevance of the survey results since at least September, so they could've secured their own research on the drivers' subjective preferences and understandings before discovery closed.

Still, the work-product privilege isn't absolute, and like other qualified privileges, may be waived depending on the circumstances. U.S. v. Nobles, 422 U.S. 225, 239 (1975). The plaintiffs argue that FedEx has impliedly waived its work-product privilege in the Luntz survey materials. *See* In re Martin Marietta Corp., 856 F.2d 619, 622 (4th Cir. 1988) ("Implied waiver nullifies a privilege when disclosure of a privileged communication has vitiated confidentiality."). The waiver analysis often is guided, as it is here, by the principle of fairness that permeates our adversary system. *See* Rockwell Intern. Corp. v. U.S. Dept. of Justice, 235 F.3d 598, 606 (D.C. Cir. 2001); In re Grand Jury Proceedings, 219 F.3d 175, 185 (2nd Cir. 2000). Courts have found that a corporation waived its privilege in materials when the entity makes a deliberate decision to disclose materials in a forum where disclosure was voluntary and calculated to benefit the disclosing party. In re Grand Jury Proceedings, 219 F.3d at 185 (collecting cases). A court, however, "should carefully weigh the circumstances surrounding Witness's testimony in deciding whether, in fairness, [ ] testimony effected waiver of [a corporation's] privilege." Id. at 186.

The plaintiffs say FedEx waived its work-product privilege when a senior manager testified on cross-examination during a California Unemployment Insurance Appeals Board hearing that FedEx's drivers considered the customers they serviced to be their own customers. Senior manager Tom Heard explained the basis of his statement was "some surveys recently of [drivers] asking that exact question." He went on to testify that he hadn't seen the actual survey results, didn't know who had conducted the survey, where it was conducted, or how many drivers had been surveyed, but that it had been reported to him that a "majority of them [the drivers] answered that . . . the customer was [their] customer. . . ."

In support of their waiver argument, the plaintiffs cite In re Martin Marietta Corp., in which the Fourth Circuit held a corporation's voluntarily disclosure of privileged materials to induce settlement constitutes waiver of its work-product privilege. 856 F.2d 619, 623-25. The court isn't persuaded that Mr. Herd's testimony amounts to waiver by FedEx. Unlike the situation In re Martin Marietta Corp., there is a corporate-agent dichotomy between FedEx and Mr. Herd that requires the court to consider whether it would be fair in this context to attribute his testimony to FedEx. In re Grand Jury Proceedings, 219 F.3d at 185-186.

FedEx can only act through individual agents who are empowered to act on its behalf. Id. at 183. Mr. Herd's testimony on direct examination arguably was elicited by FedEx's counsel on the corporation's behalf, but the court cannot say Mr. Herd's comments on cross-examination were affirmatively offered by FedEx.

9

FedEx has maintained its privilege in the Luntz Survey materials throughout this litigation, and Mr. Herd was neither FedEx's legal counsel nor involved in conducting the Luntz survey. He testified that he had never seen the Lunz survey or its results, and wasn't even aware of who conducted it. To say Mr. Herd was in the position to waive FedEx's privilege in the Lunz survey materials by responding to specific inquiries on cross-examination at a tangential hearing would bring about an unfair result in this litigation.

The plaintiffs also argue that FedEx impliedly waived its privilege in the Lunz survey materials by serving Dr. Jay's report. They say it is unfair to allow FedEx to selectively waive the work-product privilege, and in support of their argument, they cite United States v. Bilzerian, 926 F.2d 1285 (2d Cir.1991), in which the Second Circuit found it unfair for the defendant to testify at trial about advice-of-counsel and prevent the government from cross-examining him about such evidence because "the attorney-client privilege cannot at once be used as a shield and a sword." The plaintiff's reliance is misplaced; FedEx has never sought to use the Lunz survey information as a sword in this litigation. The only survey evidence FedEx has interjected into this litigation is the Field Survey results, which have been disclosed. *See, e.g.,* In re Grand Jury Proceedings, 219 F.3d at 186-187.[3]

---

[3] The plaintiffs argued in their original motion to compel that FedEx had waived its work-product privilege by failing to produce a formal privilege log identifying the materials relating to the Lunz survey. The defendants don't raise this argument on review, so the court doesn't address its propriety.

For the foregoing reasons, the plaintiffs' objection to the Magistrate Judge's ruling [Doc. No. 480] is OVERRULED.

SO ORDERED.

Entered:  April 10, 2007 

                                        /s/ Robert L. Miller, Jr.  
                                        Chief Judge  
                                        United States District Court