UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) ) ) ) ) ) | CAUSE NO. 3:05-MD-527 RM (MDL-1700) THIS DOCUMENT RELATES TO ALL CASES |

**OPINION AND ORDER**

On October 31, 2007, both parties made filings with this Court that indicated they were unable to reach an agreement as to the class notices.  The Court now enters the following order as to the class notices for the Kansas and ERISA classes, which shall also serve as a guideline for notices in all future cases that have been certified as class actions.

**I.    PROCEDURE**

On October 15, 2007, this Court entered an opinion and order that granted Plaintiffs' motions to certify two classes: 1) a class regarding the state of Kansas, and 2) a national ERISA class.  This Court instructed the Plaintiffs and Defendant, Fedex Ground Package Systems, Inc. (Fedex), to confer and submit an agreed proposed notice or separate notices if the parties could not reach an agreement.

On October 29, 2007, Fedex filed a Fed. R. Civ. P. 23(f) notice of appeal with the 7th Circuit regarding this Court's October 15, 2007, opinion and order.  On October 31, 2007, both parties made filings with this Court that indicated they were unable to reach an agreement as to the class notices.  Plaintiffs filed a motion for approval of their class notices, and they provided their versions of proposed notices to be sent to the absent class members.  Fedex filed its

objection to Plaintiffs' motion and provided amended versions of the Plaintiffs' proposed notices.

On November 29, 2007, Plaintiffs filed a motion to amend its proposed notices. The only change to the proposed notices was the inclusion of and a reference to the identity of "local counsel" for the Kansas Plaintiffs, George A. Barton and his law offices (collectively "Barton"). Defendants never filed an objection to Plaintiffs' motion. However, on December 13, 2007, Barton filed a motion to appoint himself as additional class counsel. Plaintiffs' current counsel in this MDL litigation filed an objection to this motion on January 11, 2008, and Barton filed a reply in support of his motion on January 25, 2008.

On January 9, 2008, the 7th Circuit denied Fedex's petition for permission to appeal this Court's October 15, 2007, opinion and order.

On March 25, 2008, this Court entered an opinion and order that granted in part and denied in part twenty-nine of the pending motions for class certification. That order did not address class notices with regards to any of the cases that were certified as class actions. The Court now enters the following opinion and order regarding the Kansas and ERISA classes, which shall also serve as a guideline for notices in all future cases that have been certified as class actions. This Court has the authority to enter this order pursuant to its referral order and 28 U.S.C. § 636(b)(1)(A).

II.    ANALYSIS

       A.    Legal Standards

Under Fed. R. Civ. P. 23(c)(2), this Court may issue a class notice for Fed. R. Civ. P.

23(b)(1) or (b)(2) classes, but notice is mandatory for Fed. R. Civ. P. 23(b)(3) classes.  Fed. R.

Civ. P. 23(c)(A)-(B).  The rule provides:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.  The notice must clearly concisely state in plain, easily understood language:
>> (i) the nature of the action;
>> (ii) the definition of the class certified;
>> (iii) the class claims, issues, or defenses;
>> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>> (v) that the court will exclude from the class any member who requests exclusion;
>> (vi) the time and manner for requesting exclusion; and
>> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(B).

The purpose of class notice is to present a fair recital of the subject matter of the suit and

to inform class members of their opportunity to be heard.  See In re Brand Name Prescription

Drugs Antitrust Litigation, 1995 WL 23058 at *1 (N.D. Ill. 1995).  Notice provides an

opportunity for class members to participate in the litigation, to opt-out of the litigation, to

monitor the performance of class representatives and class counsel, and to ensure that predictions

of adequate representation are fulfilled.  MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.13

(2004). Class notice is not intended to serve as a complete source of information as to each and

every alternative a class member may have in pursuing any potential claim against named

defendants."  In re Brand Name Prescription Drugs Antitrust Litigation, 1995 WL 23058 at *1.

District courts have broad discretion and flexibility in determining what constitutes the

most practical notice under the circumstances.  See Contract Buyers League v. F & F Inv., 48

F.R.D. 7, 14 (N.D. Ill. 1969); 7B Wright, Miller, & Kane, <u>Federal Practice & Procedure Civil 3d</u>, § 1793 (2005); <u>see also</u> <u>Beale v. EdgeMark Fin. Corp.</u>, 1995 WL 631840 at *1 (N.D. Ill. 1995). However, individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort.  <u>Eisen v. Carlisle and Jacquelin</u>, 417 U.S. 156, 173 (1974).

  B. <u>Plaintiffs' Motion for Approval of Class Notice</u>

   In accordance with this Court's October 15, 2007, opinion and order, Plaintiffs have submitted two proposed forms of notice.  One of the notices pertains to the Kansas lawsuit while the other pertains to the national ERISA lawsuit.  Fedex argues that class notice should not be issued at all at this time, and if this Court decides to proceed with issuing class notice, Fedex objects to several provisions of the Plaintiffs' proposed  notices.

   1. <u>Proceeding with Class Notice</u>

   Fedex offers several reasons why class notice should not be issued at this time.  First, Fedex claims that this Court should simply delay issuing class notice because there is a pending appeal before the 7th Circuit.  However, on January 9, 2008, the 7th Circuit denied petition of a Fed. R. Civ. P. 23(f) appeal.  Consequently, this argument is moot.

   Second, Fedex claims that issuing notices now will be confusing to the absent class. There are many cases in this litigation in which Plaintiffs have sought class certification.  Some of the classes are limited geographically to a particular state, and other classes are national classes.  Fedex argues that if the absent class receives some notices now and others as this Court rules on future motions for class certification, the absent class would be confused why it is receiving multiple notices.  If  this Court were to wait until all of the pending motions for class

certification were resolved, the delay would be substantial.  The class must receive notice before this Court rules on dispositive motions. See Watkins v. Blinzinger, 789 F.2d 474, 476 n. 3 (7th Cir. 1986).  As a result, the longer it takes the absent class to receive the notices, the longer this Court must wait to resolve any issues in this litigation.   Simply put, the detrimental effect of not issuing the notices outweighs any confusion the absent class might suffer from receiving multiple notices. Furthermore, any future notices can be crafted to adequately explain why and how the notices are different.

Third, Fedex argues there are serious flaws in the definitions of the ERISA and Kansas classes.  Fedex is simply attempting to rehash arguments they already made in opposition to class certification.  This Court indicated that:

> The proposed class-definition for nearly all the state class actions is some version of the following:
>> All persons who: 1) entered or will enter into a FXG Ground or FXG Home Delivery form Operating Agreement . . . 2) drove or will drive a vehicle on a full-time basis (meaning exclusive of time off for commonly excused employment absences) . . . and 3) were dispatch out of terminal state of xxxxxxxx.

See In re Fedex Ground Package System, Inc. Employment Practices Litigation, 2007 WL 3027405 at *1 (N.D. Ind. 2007).  Based on this class definition, this Court certified class actions for the Kansas case and ERISA case.  Fedex had the opportunity to raise arguments about the insufficiency of this definition while this Court considered Fedex's opposition to Plaintiffs' motions for class certification.  This Court will not revisit whether the definition of the class is appropriate as a basis to delay class notice.

In summary, Fedex has not offered any persuasive justification for delaying the issuance of class notice at this time.  Consequently, this Court will proceed with issuing class notice under Fed. R. Civ. P. 23(c)(2).

2.     Disputes Regarding the Content of Class Notice

Even though this Court has determined that class notice shall be issued, the parties have several disagreements regarding the contents of the class notice.  The Court now addresses each disagreement in turn.

First, Plaintiffs have suggested two notices: one for the state Kansas class that this Court has certified and one for the national ERISA class.  Fedex opposes having multiple notices and proposes that one unified notice be sent to the Kansas class, which covers both the Kansas claims and the national ERISA claims.  Upon examination of Plaintiffs' proposed notices, it appears only pages five and eight have slightly different content.  Otherwise, the notices are identical.  Undoubtedly, it would be less confusing to the absent class to receive one notice rather than multiple notices.  Also, if absent class members received these two notices that are nearly identical, there is a strong possibility many absent class members may ignore one notice or the other as a duplicate.  Furthermore, because the notices are almost identical, the differences between the notices could be easily integrated.  Therefore, Plaintiffs and Fedex are **ORDERED** to confer on the best possible manner to integrate the two notices into one notice.  Plaintiffs shall than submit a final proposed notice for final approval by this Court.

Next, Fedex argues that the notice should include an "opt out form" that absent class members can simply mail-in to Plaintiffs' counsel.  Fedex argues that this would be the simplest way for absent class members to opt out.  Nothing in Fed. R. Civ. P. 23(c)(2) requires an opt out

6

form, and the notice provides reasonable and clear instructions on the procedure of opting out.

Plaintiffs' proposed notice clearly indicates that a letter simply needs to be mailed to Plaintiffs'

counsel, and the notice provides clear instructions on page seven.[1] Consequently, the advantages

provided by an "opt out form" would be minuscule, and there is simply no need to require

Plaintiffs to include one.

Third, Fedex argues that the notice should include language that suggests the absent class

members may be forced to respond to discovery requests. First, Fedex's argument is based on

the speculative belief that they "might" need discovery. As time passes, Fedex may find that

they do not need discovery at all. Consequently, Fedex is raising a concern that simply is not

ripe. Also, this Court has never previously ordered that the parties are to expect the absent class

members to be subject to discovery.[2] In fact, this Court has even indicated a reluctance to allow

discovery from absent class members in its previous orders absent the requisite showing of

"need." See eg. In re Fedex Ground Package System, Inc., Employment Practices Litigation,

2007 WL 733753 at *6-8 (N.D. Ind. 2007) citing Brennan v. Midwestern United Life Ins. Co.,

450 F.2d 999, 1005 (7th Cir. 1971) (indicating that a party can obtain discovery from absent

class members if discovery is necessary and not used to gain an unfair advantage); see also

MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.41 (2004). Regardless, the discovery period

in this case has closed. Consequently, even if Fedex desired or needed more discovery of any

---

[1]However, because this Court has decided that one notice is more appropriate, Plaintiffs shall also amend the page seven "opt out" instructions so that the absent class members clearly understand that they must specifically indicate that they are opting out as to only the Kansas claims, or only the ERISA claims, or both.

[2]The case cited by Fedex, Otto v. Variable Annuity Life Ins. Co., 730 F. Supp. 145, 150 (N.D. Ill. 1990), is not on point or persuasive. In that case, the Court had specifically indicated in its class certification order that there were several issues that might require discovery. Id. at n.4. This Court has never provided such directions in any of its orders.

kind, whether from the absent class or the named Plaintiffs, Fedex would have to establish legitimate "good cause" for discovery to be re-opened on a limited basis and file a motion to reopen discovery, which they have not done.[3]  Consequently, the class notice does not need to include any information to absent class members about being subject to discovery.

Fourth, Fedex argues that it is improper for the Plaintiffs to refer to other lawsuits that are pending before this Court in this MDL litigation.  This Court agrees.  When this Court entered its first practice and procedure order on August 30, 2005, this Court indicated that each case in this MDL litigation was to maintain its individual identity.  See Doc. No. 2 at 3.  Plaintiffs' proposed notice makes reference to all of the pending cases, and as it stands, gives the appearance of some kind of giant, super class action, which is simply not the case.  In fact, this Court has denied several motions to certify class actions in several MDL cases on March 25, 2008, which directly contradicts such a supposition.  Therefore, the Plaintiffs are **ORDERED** to amend their notice and omit any reference to the other cases pending in the MDL litigation.

Fifth, Fedex seeks a firm end date for the class.  Fedex suggest that the date of this Court's order, October 15, 2007, with the Kansas and ERISA cases, as the end date for the class.  Plaintiffs do not indicate that they object to such a request.  Without an end date, the class could potentially continue to grow exponentially as time passed, which would result in a never ending line of notices.  Therefore, Plaintiffs are **ORDERED**  to amend the notice to include the end date of the class as the date of this Court's certification order.

---

[3] In other words, not only would Fedex have to satisfy the standards of Brennan, 450 F.2d at 1005, and its progeny, but Fedex would also have to justify why this discovery could not have been sought before the close of discovery, why Fedex did not indicate that they would need such discovery prior to class certification, and why the need for the discovery outweighs any prejudice to the Plaintiffs.  See Fed. R. Civ. P. 6(b) and 16(b)(4); Hodowaniec v. Raco, 2006 WL 1285111 at 1 (N.D. Ind. 2006); Reytblatt v. Nuclear Regulatory Com'n, 1991 WL 140920 (N.D. Ill. 1991); see generally 4B Wright & Miller Federal Practice & Procedure: Civ.1 3d §1165 at 521 (2002).

Sixth, Fedex seeks to add information about Fedex's right to express their opinion about the lawsuit. While Fedex believes it needs to express to the class that it has a right to express its opinion, that is not the purpose of class notice. Class notice is meant to **inform** the class of their rights, but it is not meant to protect the rights of the defendant. See In re Brand Name Prescription Drugs Antitrust Litigation, 1995 WL 23058 at *1. Consequently, this Court declines to entertain Fedex's suggestion that the notice include information about Fedex's right to express its opinion.

Finally, Fedex seeks to delete certain portions that Plaintiffs have included in the notice because those portions are "duplicative" or "not relevant." Upon examination of the notice, it is not too extensive so as to cause confusion or otherwise prejudice the absent class. The notice is only approximately nine pages, and deleting the material Fedex requested will not drastically reduce this length. Furthermore, the material Fedex seeks to delete only provides more information and increases the clarity of the notice. Again, this Court rejects Fedex's suggestion that any "duplicative" or "irrelevant" sections must be deleted.[4]

In summary, the Plaintiffs are **ORDERED** to combine their notices into one, unified notice, omit any reference in the notice to other MDL cases, and to include an end date for the class, which is the date of this Court's certification order. Fedex's objections to include an "opt out form," information regarding class discovery, and to have certain language omitted as not relevant are **OVERRULED**.

---

[4] The parties also have a dispute regarding a paragraph in the notice that indicates it is unlawful for Fedex to retaliate against the absent class members. The basis of this dispute is trivial. The parties basically agree that something regarding the unlawfulness for Fedex to retaliate, but they disagree as to the semantics of the language in the notice. The Court is confident the parties will confer to resolve this dispute so that the paragraph in question is written so as to appease both parties.

3.    Timing

The final dispute between the parties regarding the notice pertains to timing.  More specifically, the parties disagree as to the appropriate amount of time for the "opt out" period and for dates regarding the compilation of the class list.

First, Plaintiffs suggest a 30 day window for absent class members to "opt out" while Fedex argues that 60 days is more appropriate.  Without diving into the trivial nature of a 30 day dispute, this Court simply finds that the "opt out" period for absent class members shall be **45 days**.  The parties are in agreement that there will be an additional **30 day** opt-out period for any notices that are reissued because the previous notices have been returned as undeliverable.

With the directions from this Court's order, Plaintiffs are **ORDERED** to submit an amended final proposed notice for the Kansas class action by **April 18, 2008**.  Furthermore, based on this Court's March 24, 2008, order, there are several other cases that have been certified for class certification.  The parties shall submit a joint proposed notice for all cases that have been certified by **April 28, 2008,** and all notices shall be in conformance with this order.  If the parties cannot agree on a proposed notice, they shall submit separate proposed notices and indicate the basis of their disagreements.  All submitted notices shall be consistent with this order.

After this Court approves any notice, the parties are **ORDERED** to confer with regards to the timing of the issuance of the notice.  Specifically, the parties are to determine when they may practically generate a list of absent class members and issue the notices.  A final list shall be provided to this Court within **30 days** of the closing of the "opt out" periods for all absent class members for each case that has been certified as a class action.  As stated, these lists will be the

10

**final** lists, and Plaintiffs shall bear the responsibility of compiling them and filing them with the Court.

  C. <u>Barton's Motion to Revise</u>

  On December 13, 2007, Barton, who is the local counsel for the Kansas Plaintiffs, filed a motion to revise the proposed notices.  Barton indicates that he has been chosen by the named Kansas Plaintiffs to represent them.  Therefore, Barton wants this Court to appoint him as additional class counsel, and he also wants his name on the class notice.

  Under 28 U.S.C. § 1407, as indicated in this Court's original practice and procedure order, actions in this MDL litigation are consolidated for **pretrial proceedings**.  On November 15, 2007, this Court entered its first scheduling order that covered many different aspects of this litigation.  At that time, this Court appointed Plaintiffs' co-lead counsel, Lynn Rossman Faris, Susan Ellingstad, and Robert Harwood.  Co-lead counsel were appointed by agreement of all of Plaintiffs' counsel, which included Barton.  This Court's scheduling order indicated that co-lead counsel would be responsible for determining the legal position for all Plaintiffs, delegating tasks, and entering into stipulations.  Basically, the full responsibility of how to handle all pretrial matters, including class certification and summary adjudication, rests with co-lead counsel.   If Barton had any reservations with not being co-lead counsel, or wanted to have a stronger say in how this litigation would be prosecuted during pretrial proceedings, he should have raised those objections at or prior to the time this Court entered the November 15, 2007, scheduling order.[5]

---

[5]<u>Craig v. FedEx Ground Package System, Inc.</u>, from the federal district court in Kansas, was one of the initial cases transferred in to this MDL litigation, which is the case in which Barton is involved.  <u>See</u> Doc. No. 1.

That is not to say Barton is out of this case or his representation of the Kansas Plaintiffs is nixed.  Clearly, Barton's full ability to communicate with this Court, or even act, on behalf of the Kansas Plaintiffs has been deferred to co-lead counsel during these MDL proceedings, but in some capacity Barton still represents the Kansas Plaintiffs now.   During these MDL proceedings, this Court has endowed co-lead counsel with discretion to determine to what extent all local counsel, including Barton, are delegated responsibilities.  <u>See</u> Doc. No. 52. Furthermore, at some point, these actions will be remanded to the transferor courts for trial. <u>Lexecon. Inc. v. Milberg Weiss Bershad Hynes, and Lerach</u>, 523 U.S. 26 (1998).  At that time, Barton may or may not become the only counsel to speak and act on behalf of the Kansas Plaintiffs.  But this Court leaves that decision to the federal district court in Kansas, or transferor court, that will receive the case.  The transferor court conducts further pretrial proceedings as needed, and the transferor judge has the power to vacate or modify rulings made by this Court, such as re-appointing class counsel.  <u>See</u> MANUAL FOR COMPLEX LITIGATION (Fourth) § 20.133 (2004).  Therefore, Barton will have the opportunity to petition the transferor court to appoint him as representative of the Kansas Plaintiffs.  The full extent of this Court's ability to appoint counsel relates to the pre-trial proceedings, which it has already done.

However, because Barton is not completely out of this case, this Court agrees that his name and contact information shall be included on the notice.  If the Kansas case is remanded for trial, and the original court, or transferor court, decides that Barton should try the case, the absent class members will be aware of who Barton is and why he is involved in this litigation.  And, co-lead counsel agrees to include Barton on the notice as indicated by their motion of November 29, 2007, motion.  To the extent Barton's motion seeks to have his name and contact

information included on the class notice, that motion is **GRANTED**.  Similarly, co-lead

counsel's motion of November 29, 2007, is also **GRANTED**. But, to the extent that Barton is

asking this Court now to appoint him as co-lead counsel for class certification during MDL

proceedings, that request is **DENIED**.  Barton may be entitled to be the only class counsel upon

remand, but this Court leaves that decision for the transferor court that receives this case upon

remand.

## III.   CONCLUSION

Plaintiffs' motion for approval of class notices is **GRANTED IN PART** and **DENIED**

**IN PART** [Doc. No. 917].  This Court agrees that class notice should be issued.  However,

Plaintiffs are afforded until **April 18, 2008**, to submit an amended proposed notice that is

consistent with this order.

Plaintiffs' motion to amend the proposed notice to include Barton is **GRANTED** [Doc.

No. 1017] and Barton's motion to appoint additional class counsel is **GRANTED IN PART** and

**DENIED IN PART** [Doc. No. 1034].  Barton's name and contact information shall be included

on the proposed absent class notice, but Barton's request to be appointed class counsel is

**DENIED**.

   **SO ORDERED.**

Dated this 4th Day of April, 2008.


                                        S/Christopher A. Nuechterlein
                                        Christopher A. Nuechterlein
                                        United States Magistrate Judge