THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION | ) ) ) ) | Cause No. 3:05-MD-527 RM (MDL-1700) |
| THIS DOCUMENT RELATES TO: | ) ) ) | |
| ALL ACTIONS | ) ) ) | |

OPINION and ORDER

Magistrate Judge Nuechterlein granted the plaintiffs' amended motion to compel production of the IRS Draft Notice of Proposed Assessment produced to FedEx from the IRS and to depose one of FedEx's corporate designees with respect to the NOPA [Doc. No. 1581]. FedEx objects to this decision pursuant to Federal Rule of Civil Procedure 72(a) and asks the court to set aside the Magistrate Judge's order. For the reasons that follow, the court DENIES FedEx's motion to reconsider.

I. PROCEDURAL BACKGROUND

In February 2006, the plaintiffs served their first set of requests for production of documents on FedEx, which included a request for any documents relating to decisions from agencies such as the IRS, as well as any documents received from any governmental agency regarding the status of FedEx drivers. FedEx objected, and the parties conducted meet and confer sessions in regard to

the scope of plaintiffs' tax-related document requests. During the next several months, the parties agreed that FedEx would produce "determinations from any state or federal agency which have decided the issue of whether individuals providing pickup and delivery services for FedEx Ground are independent contractors or employees." The agreement further provided that FedEx would "produce these determinations even though they may be on appeal or otherwise subject to challenge."

In July 2006, FedEx moved to compel the production of the plaintiffs' tax returns and related financial information. FedEx argued that the tax returns were relevant and probative to the issues of FedEx's potential liability and the propriety of class certification. The plaintiffs opposed the request, claiming that FedEx had forced them to file their tax returns as independent contractors, so their returns weren't relevant as admissions of employment status. Magistrate Judge Nuechterlein agreed and denied the motion to compel, finding that the tax returns weren't discoverable on the issues of liability or class certification. FedEx moved to reconsider, arguing that the Magistrate Judge incorrectly required it to demonstrate a compelling need for the returns. The court disagreed that the Magistrate Judge's order required such a showing and clarified that the Magistrate Judge's order stated that tax returns are generally discoverable "where a litigant tenders an issue as to the amount of its income" and that because tax returns have some character of confidentiality, they "must be relevant and material to the matters in issue," before production is required. [Doc. # 451, p. 3]. This court

2

agreed with the Magistrate Judge's conclusion that the information in the plaintiffs' tax returns had little bearing on class certification, but found that the returns were relevant to determining the economic reality of the plaintiffs' working relationship with FedEx. Accordingly, the court granted the motion to compel in part as to those plaintiffs who alleged FLSA or FMLA claims, which require the application of the economic realities test to determine employment status. Pending before this court is FedEx's motion to reconsider that order in light of a recent Seventh Circuit decision (doc. # 1714).

On December 21, 2007, FedEx informed the SEC and its shareholders in its 10-Q Report that the IRS had audited FedEx Ground's 2002 tax return and tentatively concluded that its drivers should be reclassified as employees for federal income tax purposes. FedEx released this information after receiving a draft Notice of Proposed Assessment ("NOPA") from the IRS audit field team in December 2007. The draft NOPA involved an ongoing IRS field audit of FedEx's 2002 tax return examining the drivers' classification status. Following FedEx's disclosure of the existence of the draft NOPA, the plaintiffs requested a copy, but FedEx declined to produce it on the grounds that the NOPA wasn't a determination which would fall within the scope of the parties' 2006 discovery agreement and because it was protected by the taxpayer privilege. The plaintiffs also sought to reopen the deposition of Sallie Ford, FedEx's 30(b)(6) witness who oversees tax audits at FedEx Ground, to question her about new developments

3

with regard to the IRS audit, the NOPA, and the meeting FedEx announced it planned to conduct with the IRS in 2008.

In March 2008, the court added a fifth wave of class certification briefing and allowed the parties to conduct limited discovery in conjunction with this wave. The plaintiffs served FedEx with a request for production of the NOPA as part of the fifth wave discovery, and FedEx continued to decline production. The plaintiffs moved to compel production of the NOPA and to conduct a second deposition of Ms. Ford.

On August 21, the Magistrate Judge granted the plaintiffs' motion, finding that the NOPA is relevant as it pertains to the main issue in this litigation: classification of FedEx's drivers. The Magistrate Judge also concluded that the plaintiffs' limited request complied with the court's scheduling order regarding fifth wave discovery, and even if the scheduling order didn't allow discovery on old issues, the plaintiffs established good cause to seek disclosure of the NOPA because it didn't come into existence until a year after the close of discovery. Next, the court addressed FedEx's argument that it is justified in not disclosing the NOPA because it is a confidential communication protected by the public policy against unduly burdensome disclosure of tax records. The Magistrate Judge pointed out that there is no special privilege that protects tax documents, so the court must weigh the relevance of the documents against the potential harm to FedEx by public disclosure. The Magistrate Judge concluded that the NOPA's relevance outweighed any harm to FedEx, particularly because FedEx had

4

previously placed the IRS's opinion of its driver model at issue by frequently relying on the IRS's 1995 Letter of Assurance. Moreover, the Magistrate Judge noted that the NOPA isn't available from another source, and the plaintiffs' request is limited to one document and a very narrow and targeted deposition of Ms. Ford. FedEx moved to reconsider.

After the Magistrate Judge issued the challenged order, the IRS informed FedEx of its decision to withdraw the draft NOPA and to continue its employment tax examination of the 2002 tax year with additional factual development and analysis. Then in October 2009, the IRS provided FedEx with its notice of proposed adjustment for the 2002 year proposing that no assessment of federal employment tax be made with respect to FedEx's drivers. In November 2009, FedEx received the IRS's determination in the form of two IRS Forms 2504-WC and 4666, confirming "that no assessment of federal employment tax would be made with respect to any independent contractors at FedEx . . . ." FedEx Ground produced Forms 2504-WC and 4666 to the plaintiffs, along with the now finalized and executed October 30, 2009 NOPAs. FedEx contends that these later determinations of the IRS confirm the tentative, draft, and non-final status of the prior draft NOPA that is currently at issue.

## II. Discussion

The court reviews the Magistrate Judge's order granting the plaintiffs' motion to compel under Federal Rule of Civil Procedure 72(a), which provides that

"[t]he district judge in the case must consider timely objections and modify or set aside any portion of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(A); *see also* Weeks v. Samsung Heavy Indust. Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997). The clear error standard means that "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy, 126 F.3d at 943; *see also* Easley v. Cromartie, 532 U.S. 234, 243 (2001). An order is contrary to law "when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." In re Comverse Tech., Inc. Sec. Litig., No. 06-CV-1825, 2007 WL 680779, at *2 (E.D. N.Y. March 2, 2007) (reviewing the magistrate judge's order appointing lead counsel in consolidated PLSRA action under the clearly erroneous or contrary to law standard) (citations omitted).

Under Federal Rule of Civil Procedure 26(b)(1), a party may "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense--including the existence, description, nature, custody, condition, and location of any documents or other tangible things . . . ." FED. R.CIV. P. 26(b)(1). Relevance is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." Chavez v. DaimlerChrysler Corp., 206 F.R.D. 615, 619 (S.D. Ind. 2002) (*quoting* Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). District courts have broad discretion when deciding whether to compel discovery.

6

*See* Patterson v. Avery Dennison Corp. 281 F.3d 676, 681 (7th Cir. 2002); Sattar v. Motorola, Inc., 138 F.3d 1164, 1174 (7th Cir 1998). In ruling on a motion to compel, "a district court should independently determine the proper course of discovery based upon the arguments of the parties." Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996).

FedEx alleges that the Magistrate Judge's ruling compelling it to produce the NOPA was clearly erroneous for several reasons. First, FedEx argues that the Magistrate Judge failed to consider the parties' 2006 agreement, which purportedly excluded the production of draft documents such as the NOPA. FedEx explains that the parties' good-faith discussions led to an agreement that FedEx need only produce "determinations" by a state or federal taxing agency that "have decided the issue" of whether the drivers are independent contractors or employees. Because the NOPA is labeled a "draft," FedEx contends that the document reflects only the initial views of IRS auditors and, therefore, isn't a "determination" as contemplated by the agreement. Instead, FedEx believes that it is only if the IRS agrees with the auditors' assessment in the NOPA and issues a "Notice of Determination of Worker Classification" that the proposed determination becomes final and is subject to production under the parties' agreement. FedEx contends that the finalized and executed October 30, 2009 NOPA further supports FedEx's argument that the NOPA at issue wasn't a determination but simply a draft proposal.

7

As the plaintiffs note, the parties didn't agree on a specialized, technical meaning of "determination." Instead, the language of the 2006 agreement provides that FedEx will produce agency determinations "even though they may be on appeal or *otherwise subject to change*." (emphasis added). The NOPA reflects the IRS field examination team's conclusions after a four-year audit of FedEx's tax returns.[1] That the NOPA is stamped "draft" or that FedEx may challenge the auditors' conclusions doesn't remove the NOPA from the parties' discovery agreement. FedEx argues that the draft NOPA falls outside the parties' agreement based on its preliminary and tentative nature, but the parties' agreement is ambiguous as to whether "draft proposals" are covered. Because the agreement is ambiguous, the court won't construe it so as to limit relevant and material discovery. FedEx notes that the agreement was extensively, carefully and painstakingly negotiated by the parties; if so, FedEx had the opportunity to specify that draft documents aren't included. The agreement is silent in this respect, but does specifically include determinations that are subject to change. A reasonable reading of the entire provision leads the court to conclude that the NOPA falls within the parties' discovery agreement. Accordingly, the lack of reliance on the

---

[1]FedEx argues that the draft NOPA doesn't reflect the IRS's position or even the position of the auditors who drafted the document. The court disagrees that a document drafted by auditors on behalf of the IRS doesn't reflect the IRS's position or its authors' position. While it clearly wasn't the IRS's final position on the issue, it was the IRS's preliminary position.

parties' 2006 discovery agreement doesn't render the Magistrate Judge's ruling clearly erroneous.

FedEx next argues that the Magistrate Judge applied the wrong standard of production to the NOPA by not recognizing the qualified privilege applicable to taxpayers' communications with the IRS. FedEx claims that even if the Magistrate Judge correctly decided that the NOPA is relevant, he erred in finding that its relevancy outweighs the countervailing privilege applicable to confidential communications with a taxing agency during the course of an investigation. This argument stems from FedEx's contention that the NOPA is a tentative proposal, and thus the Magistrate Judge should have discounted its relevance when balancing the hardships of production.

The Magistrate Judge applied the correct discovery standard to disclosure of the draft NOPA. The Magistrate Judge correctly noted that "though the NOPA is an IRS document, there is no special privilege that prevents a parties' documents created by or for the IRS from being discoverable." [Doc. # 1581, p. 5] (*citing See* Poulus v. Naas Foods, Inc., 959 F.2d 69, 74 (7th Cir. 1992). The Magistrate Judge noted, however, that "some Courts have recognized that some parties will be hesitant to provide accurate and complete information to the IRS if they are later forced to produce the tax information in judicial proceedings." [Doc. #1581, p. 5] (citation omitted). Consequently, "Fed[E]x may be relieved of its obligation to produce the tax documents if it can show that the relevancy of the tax documents is slight and it will be needlessly harmed by their public

9

disclosure." [Doc. #1581, p. 6]. As discussed, the Magistrate Judge properly applied the applicable law.

That the NOPA is a draft document doesn't make it undiscoverable or irrelevant to this proceeding. The court acknowledges the public policy against disclosure of tax returns to encourage honest and complete reporting to the IRS, but this public policy rationale doesn't apply equally to IRS audits. Because the IRS audit team doesn't merely rely on self-reporting when conducting its investigation, the same concerns aren't necessarily present when requiring disclosure of the NOPA as with tax returns. In any event, these public policy concerns aren't determinative as to the discoverability of tax documents. FedEx has placed the IRS's opinion of its driver model at issue in this litigation[2] and FedEx doesn't contend that the NOPA isn't likely to lead to discoverable evidence. Since the Magistrate Judge's order, the IRS has withdrawn the draft NOPA, confirming the tentative nature of the document and assessment. While the probative value of the NOPA may be lessened by its withdrawal, FedEx hasn't persuaded the court that the NOPA is no longer relevant or material. Draft documents often are relevant in determining how and why the final conclusion was reached. Given the relevancy of the IRS's analysis of driver classification, the

---

[2]FedEx maintains that the Magistrate Judge improperly equated the Letter of Assurance with the draft NOPA. As FedEx points out, the Letter of Assurance was a final determination, whereas the NOPA was a draft of a proposed determination. The draft NOPA therefore doesn't carry the same relevance as the Letter of Assurance. The Magistrate Judge, however, didn't equate the NOPA with the Letter of Assurance, but stated that by relying on the Letter of Assurance, FedEx placed at issue the IRS's opinion of its driver model. The court agrees.

plaintiffs are entitled to view the auditors' preliminary conclusions to better understand or refute the IRS's rationale in its final determination. The document is also likely to lead to admissible evidence as to the claims and defenses in this litigation. The Magistrate Judge properly concluded that production of the draft NOPA is reasonably calculated to lead to the discovery of admissible evidence and that its relevancy outweighs FedEx's privacy concerns and the public policy against disclosure of tax information. Further, the Magistrate Judge properly concluded that the plaintiffs have demonstrated good cause to seek its disclosure.

FedEx also contends that the Magistrate Judge applied a different standard in deciding the NOPA's discoverability than was previously applied to the plaintiffs' tax returns. FedEx claims that the Magistrate Judge denied its motion to compel discovery of the plaintiffs' taxpayer information because it wasn't "dispositive" or "relevant and material," but ordered that the NOPA was discoverable so long as it had bearing on the issues in the litigation. On reconsideration of the Magistrate Judge's order concerning the plaintiffs' tax returns, this court indicated that the Magistrate Judge properly concluded that the tax returns are discoverable when they are *relevant and material to the matters in issue.* [Doc. # 451, p. 3]. This court agreed with the Magistrate Judge that "where the hired party is provided with the tax form by their employer, the employee's subjective understanding as to his or her employment status isn't dispositive." [Doc. # 451, p. 4]. This court, however, overruled the Magistrate Judge's order in part, finding that the hired party's treatment for tax purposes will be relevant in determining claims arising under the

11

FLSA and FMLA, because these claims will require application of the economic realities test. As this court's analysis establishes, the question is whether the information is relevant and material to the case.

In addressing the plaintiffs' motion to compel the draft NOPA, the Magistrate Judge considered the heightened scrutiny applicable to disclosure of tax documents, stating that FedEx may be relieved of its obligation to produce the document if it can show that relevancy is slight and that it will be needlessly harmed by public disclosure. The Magistrate Judge reasoned that FedEx's privacy concerns are outweighed by the discovery's relevancy to issues in this litigation. The same relevancy standard was applied in both instances, even though the court reached a different conclusion when the request was for *all* plaintiffs' tax returns versus the draft NOPA. Because the draft NOPA is relevant and material to the matters in this litigation, it is discoverable.

The court affirms the Magistrate's order compelling production of the draft NOPA, and agrees that a *very narrow* and *targeted* deposition of Ms. Ford is warranted. The draft NOPA wasn't created until after Ms. Ford's deposition and the plaintiffs should be given a chance to depose Ms. Ford with respect to the draft NOPA and the IRS's subsequent determinations. The Magistrate concluded that "[t]he deposition shall **only** relate to issues generated from the NOPA and most recent IRS audits." [Doc. 1581, p. 7]. Given that the IRS audit has come to a final determination, it is appropriate to allow the plaintiffs an opportunity to depose Ms. Ford about these subsequent developments. *See* FED. R. CIV. P. 30(a)(2) and

26(b)(2). The court declines FedEx's request to place further limitations on the deposition.

III. CONCLUSION

For the foregoing reasons, the court DENIES FedEx's motion to reconsider the Magistrate Judge's August 21, 2008 order [Doc. No. 1601].

SO ORDERED.

Entered: <u>December 28, 2009</u>

<u>/s/ Robert L. Miller, Jr.</u>
Chief Judge
United States District Court