THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL ACTIONS | Cause No. 3:05-MD-527 RM<br>(MDL-1700) |

OPINION and ORDER

In September 2006, Magistrate Judge Nuechterlein denied FedEx's motion to compel the production of the plaintiffs' tax returns. FedEx moved to reconsider the Magistrate Judge's order and on December 14, 2006, this court sustained FedEx's objection in part [Doc. # 451]. This court agreed with the Magistrate Judge that the tax returns weren't relevant and material to the plaintiffs' claims requiring application of the common law agency test used in ERISA cases for determining employment status, but found that they were relevant and material to the plaintiffs' claims requiring application of the economic realties test used in FLSA and FMLA cases. This court therefore found that the plaintiffs who asserted ERISA claims weren't compelled to produce their tax returns, but "those plaintiffs [who] allege[d] claims under the FLSA or the FMLA [were] compelled to produce their tax returns and other related financial information." [Doc. # 451, p.13]. FedEx asks this court to reconsider its ruling in light of a recent Seventh Circuit decision - Estate of Suskovich v. Anthem Health Plans of Va., Inc., 553 F.3d 559

(7th Cir. Jan. 22, 2009) - discussing the relevancy of tax status and tax returns when determining employment status under the common law agency test. For the reasons that follow, the court denies FedEx's motion to reconsider.

I. BACKGROUND

The over-arching issue in this litigation is the classification of FedEx delivery drivers as independent contractors or employees. In July 2006, FedEx moved to compel the production of the plaintiffs' tax returns and related financial information, arguing that the documents are relevant in determining this issue. The plaintiffs opposed the request, claiming that FedEx had forced them to file their tax returns as independent contractors, so their returns weren't relevant as admissions of employment status. Magistrate Judge Nuechterlein agreed and denied the motion to compel, finding that the tax returns weren't discoverable on the issues of liability or class certification. FedEx moved to reconsider, arguing that the Magistrate Judge incorrectly required it to demonstrate a compelling need for the returns. The court disagreed that the Magistrate Judge's order required such a showing and clarified that the Magistrate Judge's order stated that tax returns are generally discoverable "where a litigant tenders an issue as to the amount of its income" and that because tax returns have some character of confidentiality, they "must be relevant and material to the matters in issue," before production is required. [Doc. # 451, p. 3].

This court noted that a hired party's treatment for tax purposes can be a factor relevant in determining employment status under the common law agency test, which is generally equivalent to the Restatement (Second) of Agency § 220 test, applied in ERISA cases. [Doc. # 451, p.5] (*citing* <u>Nationwide Mutual Insurance Co. v. Darden</u>, 503 U.S. 318, 323 (1992) (determining employment status under the common law agency test for purposes of an ERISA claim); <u>Mazzei v. Rock N Around Trucking, Inc.</u>, 246 F.3d 956, 964-965 (7th Cir. 2001)). The plaintiffs, however, have admitted that they filed their tax returns as "self-employed," and this court reasoned that any additional information contained in the tax returns isn't material. This court held: "[A]ny additional information contained in the tax returns isn't material in determining the plaintiffs' employment status for purposes of their ERISA claims since the additional information contained in the tax returns hasn't been put at issue under the common law agency test." [Doc. # 451, p. 6].

This court then considered the plaintiffs' claims arising under FLSA and FMLA, which require application of the economic realities test to determine employment status. The court agreed with FedEx that the plaintiffs' tax returns are relevant in analyzing one of the six factors of the economic realities test: the opportunity for profit or loss depending upon [the hired party's] managerial skill. [Doc. # 451, p. 7] (*citing* <u>Secretary of Labor, U.S. Dept. of Labor v. Lauritzen</u>, 835 F.2d 1529, 1534 (7th Cir. 1987)). Under this factor, the court looks at whether the plaintiffs have control over the essential determinants of profits in a business,

whether they have direct share in the success of the business, and whether their earnings depend upon their judgment or initiative. Dole v. Snell, 875 F.2d 802, 810 (10th Cir. 1989). This court concluded: "To the extent that plaintiffs' tax returns can show some plaintiffs were able to maximize profits by controlling costs via workers and subcontractors, or by utilizing business-associated tax benefits, or through other sources of income, this financial information can be relevant" for purposes of the economic realities test. [Doc. # 451, p. 10].

Three years after this court issued its ruling, the court of appeals decided Suskovich v. Anthem Health, noting that certain information in a hired party's tax returns was relevant in determining employment status under the Restatement test or common law agency test. FedEx asserts that the court of appeals' decision requires reconsideration of this court's December 2006 order in that respect.

II. Discussion

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." Caisse Nationale de Credit Agricole v. CBI Indust., Inc., 90 F.3d 1264, 1269 (7th Cir. 1996) (citation omitted). A basis for reconsideration exists when there is a "controlling or significant change in the law or facts since the submission of the issue to the Court." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been

4

heard during the pendency of the previous motion." Caisse Nationale De Credit Agricole v. CBI Indus., 90 F.3d at 1270 (collecting cases).

FedEx asks the court to reconsider its December 2006 order, arguing that Estate of Suskovich v. Anthem Health Plans of Va., Inc., 553 F.3d 559 (7th Cir. Jan. 22, 2009), represents a controlling change in the law and requires a finding that the *content* of the plaintiffs' tax returns — and not just the plaintiffs' tax status — is relevant when deciding whether a person is an independent contractor under the common law agency test set forth in Nationwide Mut. Ins. Co. v. Darden, 503 U.S. at 323. FedEx says that the court of appeals' ruling in Suskovich placed the content of tax returns at issue when examining both the "method of payment" and "belief of the parties" factors. FedEx notes that in determining that the "belief of the parties" factor weighed in favor of independent contractor status, the Suskovich court not only pointed out that the hired party's salary was reported on a 1099 form rather than a W-2, but also that his tax returns showed that he listed himself as self-employed, that he derived his income from his computer consulting business and that he claimed substantial business deductions. FedEx concludes that it should be entitled to review the content of the plaintiffs' tax returns for similar information; for example, to determine whether the plaintiffs derived income from a business (instead of employee wages), elected to take business deductions or took credits available to business owners.

FedEx also notes that in depositions taken after this court's 2006 order, numerous plaintiffs couldn't recall even the most basic aspects of their tax

5

returns, leaving FedEx without the ability to probe the plaintiffs on whether they intended to be employees or independent contractors. FedEx reasons that it is necessary to have the tax returns to analyze this factor, especially given that the information cannot be obtained from the deponents.

FedEx also filed a notice of supplemental authority in support of its motion to reconsider, citing to proceedings from a Washington state court in <u>Anfinson, et al v. FedEx Ground Package System, Inc., et al.</u>, No. 04-2-39981-5SEA (King Cty. Super. Ct.), in which the trial court admitted information during trial relating to the plaintiffs' income tax returns on the issue of employment status. The <u>Anfinson</u> jury found that the class members were independent contractors based on a consideration of eight non-exclusive factors, including the opportunity for profit and loss based on managerial skill, the method of payment, and the parties' intent in creating the relationship. The <u>Anfinson</u> court ruled that, for privacy and other reasons, the tax returns themselves wouldn't be admitted into evidence, but the court permitted extensive cross-examination and other testimony, as well as demonstrative summaries, regarding information contained in the tax returns "relating to all aspects of the class members' work with defendant." The <u>Anfinson</u> court determined that the tax return evidence would have probative value with respect to several of the employment classification factors the jury was instructed to examine, including the belief of the parties regarding employment status.

The plaintiffs respond that making them produce voluminous, burdensome and private tax records at this late stage in the proceeding — when discovery has

closed and motions for summary judgment and adjudication on the question of the drivers' employment status have been fully briefed — would substantially delay resolution of this already lengthy and complicated MDL action and be extremely prejudicial to the plaintiffs. Further, the plaintiffs say Suskovich didn't announce a new rule on disclosure of confidential tax records, but followed settled law. The plaintiffs contend that nothing in Suskovich undermines this court's conclusion that because the plaintiffs have admitted that they filed their tax returns as self-employed truck drivers, "any additional information [in the tax records] isn't material" to determining their employment status under the common law agency test. As such, the plaintiffs reason that the specific income or deduction any plaintiff claimed as a result of his or her admitted self-employed status would be ancillary to the undisputed status itself and of no additional probative value. As to the parties' belief generally, the plaintiffs say they previously admitted to believing they would be independent contractors when they executed their contracts with FedEx.

As to the deposition testimony of drivers who couldn't recall basic aspects of their tax documents, the plaintiffs respond that the drivers' inability to recall doesn't undermine the plaintiffs' blanket binding admission that they all filed their income taxes as self-employed truck drivers while performing services for FedEx.

In response to FedEx's supplemental authority, the plaintiffs state that the unpublished and unreviewed rulings of a Washington state trial court and trial testimony supplies no basis upon which this court should reconsider its order.

7

The plaintiffs note that the judge in that case relied on Washington rules of procedure and substantive law and considered factors not included in the Restatement test. As such, the plaintiffs argue that the court's rulings in that case are inapposite.

A.

In <u>Suskovich v. Anthem Health Plans</u>, 553 F.3d at 561, Anthony Suskovich had performed computer programming services for Wellpoint/Anthem as a consultant. For tax purposes, Mr. Suskovich's salary was reported on a 1099 form rather than a W-2. <u>Id.</u> Wellpoint later advised Mr. Suskovich that it couldn't use Mr. Suskovich's services unless he was affiliated with one of its preferred vendors. <u>Id.</u> Mr. Suskovich entered into an "Independent Contractor Agreement" with defendant Trasys, Inc., one of Wellpoint's preferred vendors. <u>Id.</u> Although labeled an independent contractor agreement, it contained terms that could refer to both an employment relationship and an independent contractor relationship. <u>Id.</u> at 561-562. Mr. Suskovich continued to perform services for Wellpoint through Trasys and for tax purposes, Trasys also issued Mr. Suskovich a 1099 form rather than a W-2. <u>Id.</u> at 561.

The IRS began investigating Mr. Suskovich because of his failure to file tax returns for several years. <u>Id.</u> at 563. In response, Mr. Suskovich filed delinquent tax returns listing himself as a self-employed computer consultant and claiming that he derived his income from his computer consulting business. <u>Id.</u> He also

8

claimed substantial business deductions for his computer consulting business. Shortly after, Mr. Suskovich became ill and passed away. Id. His estate filed suit against the defendants to recover wages, benefits, and indemnification of tax liabilities, alleging that the decedent was the defendants' employee under common law, FLSA and ERISA. Id. The trial court determined that the decedent wasn't an employee, placing primary emphasis on the intent and belief of the parties. Id. at 564. The Estate appealed and the court of appeals affirmed.

The court of appeals noted that there are slightly different tests for determining employment status under the common law, FLSA and ERISA. Suskovich v. Anthem Health Plans, 553 F.3d at 565. The district court followed the test in Restatement (Second) of Agency § 220 and the court of appeals agreed that this was proper, noting that the Estate invoked the Restatement test and waived any argument that the broader FLSA standard applied. Id. at 565, n. 1. The court reasoned: "Given that the majority of the claims in this case revolve around the bare question of employment status and the Restatement test is generally equivalent to the common law test from [Nationwide Mut. Ins. Co. v. Darden, 503 U.S. at 323], that test provides the best means of resolving the main employment question before us." Id. at 561. Under the Restatement test, a court should examine the following ten factors:

> (1) the extent of control which, by the agreement, the master may exercise over the details of the work; (2) whether or not the one employed is engaged in a distinct occupation or business; (3) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist

9

> without supervision; (4) the skill required in the particular occupation; (5) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work; (6) the length of time for which the person is employed; (7) the method of payment, whether by the time or by the job; (8) whether or not the work is a part of the regular business of the employer; (9) whether or not the parties believe they are creating the relation of master and servant; (10) whether the principal is or is not in business.

Id. at 565-566.

In conducting the employment analysis, the trial court focused primarily on the ninth factor — the parties' belief about a master/servant relationship. Suskovich v. Anthem Health Plans, 553 F.3d at 564. The court of appeals found that it was proper for the trial court to follow the parties' intent as expressed in the contractual agreement unless enough facts indicated the existence of a traditional employment relationship. Id. (*citing* Stone v. Pinkerton Farms, Inc., 741 F.2d 941 (1984)). "Since the Restatement test is a multi-factor balancing test, courts applying the test in an employment suit, cognizant of the freedom given to parties to create their relationship through contract, may choose to emphasize evidence that is especially probative of the parties' beliefs about the nature of the relationship." Id. at 564. Probative evidence includes "evidence of an explicit contractual definition of that relationship or evidence of the tax status of the relationship." Id.

The court of appeals reviewed the Restatement factors and decided that the extent of control weighed in favor of independent contractor status. Suskovich v. Anthem Health Plans, 553 F.3d at 566. When analyzing method of payment, the

court noted that this circuit has found that tax forms and tax returns are essential when deciding this factor, Id. at 568 (*citing* Taylor v. ADS, Inc., 327 F.3d 579, 581 (7th Cir. 2003); and Mazzei v. Rock N Around Trucking, Inc., 246 F.3d 956, 964-65 (7th Cir. 2001)), and that the issuance of 1099 forms indicates independent contractor status. Id. at 568 (citations omitted). The court deemed it significant that on his tax returns, Mr. Suskovich listed his income from a sole proprietorship and claimed business deductions related to that proprietorship. Id. Accordingly, the court held that even though Mr. Suskovich was paid hourly, that was insufficient to create an employment relationship given Mr. Suskovich's tax status and the representations he made in his tax returns. Id.

The court further held that the district court properly resolved the "belief of parties" factor in favor of independent contractor status because in his tax returns, Mr. Suskovich didn't list any wages from employment and claimed that he was a sole proprietor who derived his income from his computer consulting business. Suskovich v. Anthem Health Plans, 553 F.3d at 569. Further, his resume listed his occupation as an independent computer consultant and other evidence showed that he considered himself an independent contractor. Id.

Suskovich v. Anthem Health Plans establishes that a district court applying the Restatement test may choose to emphasize evidence that is especially probative of the parties' beliefs about their relationship's nature, such as the parties' contractual definition of that relationship or evidence of the tax status of the relationship. Further, the "method of payment" factor may collapse with the

"belief of the parties" factor when the hired party has specifically identified his or her income as "nonemployee income." The case also emphasizes previous case holdings stating that the hired party's tax status and certain information in tax returns may be relevant in determining these factors.

Suskovich, however, is distinguishable from the cases in this docket in material respects, and so doesn't require reconsideration of the order concerning discoverability of the plaintiffs' tax returns for claims applying the common law test. The Suskovich court focused primarily on the issuance of 1099 forms, Mr. Suskovich's representation on his tax return that he was a self-employed sole proprietor, and his election of business deductions related to that proprietorship. Such facts supported the conclusion that the "belief of the parties" factor weighed in favor of employee status. The plaintiffs in this case already have admitted that they filed their tax returns as self-employed truck drivers and haven't disputed that they believed they would be independent contractors when they executed their contracts. Additional information isn't needed to conclude that the plaintiffs held themselves out as independent contractors when filing their tax returns. Accordingly, in light of the plaintiffs' admissions, additional information obtained from a review of the plaintiffs' tax returns, such as the amount of business deductions taken by each plaintiff, isn't material in determining either the "method of payment" factor or "belief of the parties" factor.

Unlike in Suskovich, the plaintiffs in this case contend that they are employees because of the right to control FedEx reserved in the drivers' Operating

Agreement and commonly applicable FedEx policies. The Suskovich court ruled that the extent of control factor weighed in favor of independent contractor status, so the court went on to analyze the remaining factors to see if they established an employment relationship despite lack of control. The court learned they didn't, focusing heavily on the belief of the parties as the contract and tax documents stated. The court noted that the district court may follow the parties' intent as expressed in the contractual agreement unless enough facts indicate the existence of a traditional employment relationship. The plaintiffs in the cases in this docket maintain that the control reserved by FedEx in the Operating Agreement and commonly applicable FedEx policies is enough to establish that FedEx has the right, with respect to the class of drivers as a whole, to control the methods, manners, and means by which the drivers perform the contracted tasks, such as to make the drivers employees rather than the independent contractors the Operating Agreement and tax returns declare.

If the plaintiffs seek to prove employment status by introducing evidence of the parties' intent and subjective beliefs, the court likely would need to examine extrinsic individualized evidence, resulting in the reconsideration of this order and class certification. As it stands now, the relevancy of the contents of plaintiffs' tax returns to further show that they filed in conformity with self-employment and independent contractor status is of little probative value. The Magistrate Judge didn't clearly err in denying FedEx's motion to compel, given the confidential

13

nature of the tax returns and the burden in producing all the plaintiffs' returns during the liability stage of litigation.

Because Suskovich is readily distinguishable from this case and applies legal principles established before this court's 2006 order, it doesn't constitute a "controlling or significant change in the law" that requires this court to reconsider its order.

B.

FedEx further argues that the plaintiffs should produce the tax returns because during several of the plaintiffs' depositions, the deponents couldn't recall basic aspects of their tax returns and as a result, FedEx couldn't probe the plaintiffs' intent of employment status. The court agrees with the plaintiffs that their admissions that they filed taxes as self-employed individuals isn't undermined by the deponents' failure to recall the information in their tax documents.

C.

In a notice of supplemental authority filed in support of its motion to reconsider, FedEx cites to proceedings from a Washington state court in Anfinson, et al v. FedEx Ground Package System, Inc., et al., No. 04-2-39981-5SEA (King Cty. Super. Ct.). The trial judge in Anfinson permitted FedEx to present evidence concerning the plaintiffs' tax returns. The court found that the tax returns had

14

probative value with respect to several of the employment classification factors the jury was instructed to examine. FedEx notes that the standards for permitting discovery are more liberal than those for the admissibility of such information and that since the tax testimony was permitted at trial, similar evidence should be discoverable under Federal Rule of Civil Procedure 26.

A ruling from a trial court proceeding in Washington state court isn't a "controlling or significant change in the law" that would provide a basis for reconsideration. As the plaintiffs note, the trial judge in Anfinson was following Washington rules of procedure and substantive law, and while the court applied some of the factors from the Restatement test, it also applied other factors not included in that test. The Anfinson ruling is inapposite to this court's ruling.

### III. CONCLUSION

For the foregoing reasons, the court DENIES FedEx's motion to reconsider this court's December 14, 2006 order [doc. # 1714].

SO ORDERED.

Entered:  January 5, 2010 

   /s/ Robert L. Miller, Jr.   
Chief Judge
United States District Court