THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| In re FEDEX GROUND PACKAGE SYSTEM, INC., EMPLOYMENT PRACTICES LITIGATION ) ) ) ) | Cause No. 3:05-MD-527 RM (MDL-1700) |
| THIS DOCUMENT RELATES TO: ) ) ALL ACTIONS ) ) | |

OPINION AND ORDER

This matter is before the court on the plaintiffs' various motions for judicial notice of court documents, administrative findings and other public documents under Federal Rule of Evidence 201 (doc. ## 1068, 1195, 1472, 1700, 1737, 1816). The court takes judicial notice of the documents' existence, the content of the documents, and undisputed facts contained therein, but declines to take notice of findings of fact from the proceedings or admissions made by the parties as being asserted for their truth to the extent the findings or admissions are subject to dispute.

I. BACKGROUND

The plaintiffs request this court to take judicial notice of Estrada materials:

- Pleadings, proceedings, orders and trial exhibits from Estrada v. FedEx Ground Package System, Inc., BC 210130 (Los Angeles Superior Court), specifically the following materials: First Amended Complaint filed May 30, 2000, Statement of Decision filed July 26, 2004, Order Granting Equitable Relief filed October 7, 2005, Corrected Final Judgment filed January 27, 2006, Tape Recording of

> Oral Argument in Court of Appeals on July 24, 2008, California Supreme Court Order dated November 28, 2007, Remittitur filed December 10, 2007, Respondent's Appendix (Portion) in Court of Appeal (Trial Exhibits), and Excerpt of Reporter's Transcript (portion of testimony of one witness).

- The entry of stipulated judgment in Estrada v. FedEx Ground, Case No. BC 210130 (Los Angeles Superior Court).

The Estrada materials are relevant to the plaintiffs' request that this court give collateral estoppel effect to the Estrada judgment. The plaintiffs believe the court should be aware of the final development in the Estrada case, including the voluntary resolution of the remanded damages and attorney fee disputes.

The plaintiffs ask the court to take judicial notice of other judicial and administrative documents:

- December 22, 2003 decision of the State of Montana Department of Labor and Industry, Employment Relations Division, Independent Contractor Central Unit. The decision from the Montana Department of Labor and Industry, the plaintiffs contend, is relevant to their request that the court give collateral estoppel effect to the Estrada judgment. The plaintiffs rely on this case to show that at the time of the Estrada trial, FedEx knew it was facing challenges to its business model.

- December 19, 2007 press release referencing citations to FedEx by the Massachusetts' Attorney General for intentional misclassification of pick-up and delivery drivers as independent contractors. The citations apply to thirteen individual FedEx drivers. The plaintiffs seek to have the following facts judicially noted: (1) the Massachusetts Attorney General finding that FedEx violated the Massachusetts Independent Contractor Law by misclassifying thirteen drivers; (2) the Attorney General's assessment of penalties for more than $190,000 against FedEx and order requiring FedEx to rectify the violations and provide restitution; and (3) the Attorney General's ongoing investigation.

- <u>Johnny Del Johnson et. al. v. FedEx Ground Package Systems, Inc.</u>, *United States District Court, Southern District of California*, Case No. 01CV1795 BTM (NLS), <u>Order Denying Motion to Dismiss and to Compel Arbitration and Granting Motion to Sever</u>, filed January 15, 2002; and <u>Richard Lucey et al v. FedEx Ground Package Systems, Inc.</u>, *United States District Court, District of New Jersey*, Civil Case No. 06-3738 (RMB), <u>Opinion</u>, filed October 18, 2007. In both these decisions, the court found the arbitration remedy in Section 12.3 in the Operating Agreement was substantively and procedurally unconscionable. The plaintiffs offer these documents in support of their arguments presented in their motions for summary adjudication of employment status. FedEx responds by citing other courts that have found the Operating Agreement's arbitration provision to be valid.

- <u>Kamil Issa and Edgar Ritzkallah v. Roadway Package Systems, Inc., FedEx Ground Inc., et. al.</u>, *Superior Court of Alameda Country, State of California*, Case No. RG841208, <u>Request for Dismissal of Entire Action and Entry of Dismissal</u>, filed February 13, 2007. The plaintiffs offer this document to refute FedEx's reliance on a decision entered in the referenced matter favoring its position of employment status.

- <u>In re FedEx Ground Package Systems, Inc. and Employment Dev. Depart.</u>, *California Unemployment Insurance Appeals Board*, Case No. AO-143164 (T), OA Decision No. 1348661, dated September 21, 2007. This document is offered to show that the only class-based final administrative decision that has been issued in California regarding the status of FedEx's California drivers is consistent with the decision entered in <u>Estrada</u>.

- State of New Hampshire Department of Labor decision on December 2, 2008. The plaintiffs offer this decision in support of their motions for summary adjudication of employment status.

- <u>FedEx Home Delivery v. NLRB</u>, Case No. 07-1391 (D.C. Cir.), *Petitions for Rehearing* filed by the National Labor Relations Board and the International Brotherhood of Teamsters, Local No. 25. The plaintiffs present this document to show that the D.C. Circuit's decision issued in the case on April 21, 2009 was challenged by both the NLRB and the union intervenor. The petitions were denied.

- State of Maryland Department of Labor, Licensing and Regulation decision dated March 10, 2008 finding FedEx drivers to be employees

3

of FedEx under Maryland's unemployment insurance law and April 15, 2009 settlement agreement between FedEx and the Department. The plaintiffs contend that the determination and settlement are relevant to the pending motions for summary adjudication on employment status because they show that as a matter of law, the plaintiffs meet the elements of employment status applicable under Maryland's and other states' tests and under the federal common law test.

The plaintiffs ask the court to take judicial notice of admissions made by FedEx in court filings and administrative proceedings:

- FedEx's Petition for Permission to Appeal, Seventh Circuit Court of Appeal, filed in October 2007.

- Excerpt of testimony before California Employment Development Department, June 9, 2006 and FedEx's counsel's letter to EDD dated May 20, 2005.

The plaintiffs offer these admissions to support their summary judgment motion of employment status to show that the Operating Agreement hasn't changed since 1994 and that the Ground and Home Delivery Operating Agreement are substantially the same.

The plaintiffs request the court to take judicial notice of certain filings with the Securities and Exchange Commission:

- FedEx's 2007 10-K Report to the U.S. Securities and Exchange Commission. The plaintiffs note that the facts contained in the 10-K Report regarding FedEx's expenditures on infrastructure, advertising, and sales and marketing are relevant to the plaintiffs' motions for summary judgment.

- FedEx's December 21, 2007 10Q Quarterly Report to the U.S. Securities & Exchange Commission. The 10Q Quarterly Report notifies the public that IRS auditors issued a tentative conclusion that for 2002 certain contractors might be reclassified as employees despite the IRS' earlier "Letter of Assurance" to the contrary. The

4

> plaintiffs seek to have the following facts judicially noted: (1) the IRS has completed its audit for the year 2002, finding that "FedEx Ground pick-up and delivery owner-operators should be reclassified as employees for federal income tax purposes;" (2) FedEx anticipates that it will owe back taxes and penalties of $319 million plus interest as a result of this audit; (3) the IRS has similar audits open for 2004 through 2006; and (4) FedEx reported these facts in its December 21, 2007 10-Q report.

FedEx contends that while the court may take judicial notice of documents within public record, it can't take judicial notice of any disputed facts or inferences from such documents. FedEx therefore objects to the extent the plaintiffs seek to use the referenced materials as persuasive authority or for the truth of the factual statements or arguments contained therein. FedEx further states that the court shouldn't take judicial notice of the settlement agreement entered into between the Maryland Department of Labor and FedEx because the agreement is inadmissible for determining liability pursuant to Federal Rule of Evidence 408.

The plaintiffs respond that the facts are all determined by reference to reliable public records and even though the administrative findings might be preliminary, they are properly subject to judicial notice. For example, the plaintiffs note that FedEx doesn't dispute that the IRS and Attorney General have found it guilty of misclassifying drivers as independent contractors and assessed penalties accordingly. The plaintiffs further note that the 2002 IRS audit belies FedEx's reliance on the prior IRS "Letter of Assurance." The plaintiffs therefore request the court to take judicial notice of the identified documents.

5

II. DISCUSSION

Federal Rule of Evidence 201 only governs judicial notice of adjudicative facts. FED. R. EVID. 201(a). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201(b). For the court to take judicial notice, the adjudicative facts cannot be disputed. Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite."). "Judicial notice is premised on the concept that certain facts or propositions exist which a court may accept as true without requiring additional proof from the opposing parties." General Elec. Capital v. Lease Resolution Corp., 128 F.3d 1074, 1081 (7th Cir. 1997)). Judicial notice "substitutes the acceptance of a universal truth for the conventional method of introducing evidence." Id.

The court can take judicial notice of filings in other proceedings to establish the fact of such litigation and related filings. Opoka v. Immigration & Naturalization Service, 94 F.3d 392, 395 (7th Cir. 1996) (*citing* United States v. Jones, 29 F.3d 1549 (11th Cir. 1994) ("[A] court may take notice of another court's order only for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation.")). Court documents from another case may be used to show that the document was filed, that party took

a certain position, and that certain judicial findings, allegations or admissions were made. General Elec. Capital v. Lease Resolution, 128 F.3d 1074, 1081 (7th Cir. 1997) ("[T]he most frequent use of judicial notice of ascertainable facts is in noticing the contents of court records. . . . Like other court records, judicial approval of a class action settlement is an appropriate subject for judicial notice because it is a source whose accuracy cannot reasonably be questioned.") (internal quotations and citations omitted)).

Similarly, a court may take judicial notice of executive and agency determinations. *See* Waid v. Merrill Area Public Schools, 130 F.3d 1268, 1272 (7th Cir. 1997) (discussing court's discretion to take judicial notice of agency factfinding). The court in Opoka v. I.N.S. explained:

> This court . . . has the power, in fact the obligation, to take judicial notice of the relevant decisions of courts and administrative agencies, whether made before or after the decision under review. Determinations to be judicially noticed include proceeding[s] in other courts, both within and outside of the federal judicial system, if the proceedings have a direct relation to matters at issue.

94 F.3d at 394 (internal quotations and citation omitted). "[I]t is a well-settled principle that the decision of another court or agency, including the decision of an administrative law judge, is a proper subject of judicial notice." Id. (taking judicial notice of immigration service's decision to suspend deportation to appellant-alien's wife).

Judicial notice generally doesn't extend to the truth of the matters that were

7

asserted in the other judicial proceeding. General Elec. Capital v. Lease Resolution, 128 F.3d 1074 (7th Cir. 1997) (noting that the court cannot generally take notice of findings of fact from other proceedings for the truth asserted therein because these findings are disputable and usually are disputed); *see also* Opoka v. I.N.S., 94 F.3d 392, 395 (7th Cir. 1996) (*citing* Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc., 969 F.2d 1384, 1388 (2d Cir. 1992) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings. ")); *see also* 21 Charles Alan Wright & Kenneth A. Graham, Jr., FEDERAL PRACTICE & PROCEDURE § 5106 (Supp. 2001) (stating that court should distinguish between taking judicial notice of the truth of some extrajudicial fact recited in a court record and the use of those facts for some purposes that does not depend on the truth of the facts recited); ABN AMRO, Inc. v. Capital Int'l Ltd., No. 04-C-3123, 2007 WL 845046, *9 (N.D. Ill. March 16, 2007) ("Typically, . . . because of the indisputability requirement, the notice of a court order is limited to the purpose of recognizing the judicial act or litigation filing; judicial notice is generally not for the truth of the matters asserted in a court document."). Taking judicial notice of a fact simply because it was found to be true in a previous action would render the doctrine of collateral estoppel superfluous. General Elec. Capital v. Lease Resolution, 128 F.3d 1083 (citation omitted).

Judicial notice may be taken of the contents of public record disclosure documents filed with the Securities and Exchange Commission if the content isn't subject to dispute. *See* Hernandez v. Midland Credit Mgmt., Inc., No. 04-C-7844, 2006 WL 695451, *4 (N.D. Ill. March 14, 2006) (taking judicial notice of SEC filings where no dispute existed). In Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344 (7th Cir. 1995), an employment discrimination case, the district court was attempting to determine the size of the defendant corporation to assess the applicability of a punitive damages cap under the 1991 Civil Rights Act. Id. at 1354. The court analyzed the propriety of taking judicial notice of the company's 10-K form filed with the SEC to determine the size of the company. Id. In affirming the district court's refusal to take judicial notice, the court reasoned that given the "considerable argument over the significance of the 10-K form, the judge properly found that its contents were subject to dispute." Id. The court explained that "the question . . . was not capable of accurate and ready determination by resort to the 10-K" because the form covered three divisions of the company, two that weren't involved in the case. Id. at 1354-1355.

Accordingly, the court takes judicial notice of the documents identified by the plaintiffs that were filed in judicial and administrative proceedings involving FedEx, including the courts' determinations, findings and outcomes in those proceedings. The existence of the public documents and their content are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. For example, the court can take judicial notice of the

9

documents filed in Estrada and the court's factual findings and determinations in that case. Similarly, the court can take judicial notice that the Massachusetts' Attorney General issued a citation to FedEx for intentional misclassification of thirteen individual FedEx drivers. What the court can't do is accept as true the facts found by these courts or administrative agencies. The court isn't prevented from considering the opinions and determinations to the extent they constitute persuasive authority.

The plaintiffs ask the court to take judicial notice of the State of Maryland Department of Labor, Licensing and Regulation decision dated March 10, 2008 and the April 15, 2009 settlement agreement between FedEx and the Department. The court declines to take judicial notice of the contents of the settlement agreement and merely takes judicial notice that the Department issued a determination and settled before the appeal.

The plaintiffs also ask the court to take judicial notice of admissions made in certain court filings and administrative proceedings to show that the Operating Agreement hasn't changed since 1994 and that the Ground and Home Delivery Operating Agreement are substantially the same. In FedEx's Petition for Permission to Appeal from Order Granting Class Certification, FedEx represented to the court that "[t]he OA has remained in effect without material change" since 1994. FedEx does note though that various addenda have been added or modified that, if accepted, have altered the compensation terms of the drivers' agreements. FedEx doesn't dispute that the Operating Agreement hasn't materially changed

10

since 1994, so the court takes judicial notice of that admitted fact. The court declines to take judicial notice that the Ground and Home Delivery Operating Agreement are substantially the same; FedEx didn't admit that in the referenced documents and its accuracy is disputed.

The plaintiffs ask the court to take judicial notice of the facts in FedEx's 2007 10-K Report regarding FedEx's expenditures on infrastructure, advertising, and sales and marketing. The plaintiffs set forth certain facts from the 10-K Report in their Statement of Genuine Issues; FedEx doesn't dispute these facts except to the extent the plaintiffs conflate the operations of FedEx Ground and Home Delivery. Because there is no discernable dispute in the facts as relied upon by the plaintiffs, the court takes judicial notice of such facts.

The plaintiffs similarly seek judicial notice of FedEx's December 21, 2007 10Q Quarterly Report in which FedEx notifies the public that the IRS has conducted an audit for year 2002 and found that FedEx drivers should be reclassified as employees for federal income tax purposes. Because FedEx doesn't dispute the existence and content of the audit, but instead disputes its accuracy, how it should be construed, and its relevancy to this litigation, the court takes judicial notice of the SEC filing and the facts reported about the 2002 IRS audit therein, but doesn't consider the factual findings for their truth.

III. CONCLUSION

For the reasons set forth above, the court GRANTS IN PART and DENIES IN PART the plaintiffs' requests to take judicial notice. (Doc. ## 1068, 1195, 1472, 1700, 1737, 1816).

SO ORDERED.

ENTERED:   March 29, 2010  

                                              /s/ Robert L. Miller, Jr.  
                                      Judge  
                                      United States District Court