UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

_____

|                                              |   |                          |
|----------------------------------------------|---|--------------------------|
| In re FEDEX GROUND PACKAGE                    | ) | CAUSE NO. 3:05-MD-527 RM  |
| SYSTEM, INC. EMPLOYMENT                       | ) |        (MDL-1700)         |
| PRACTICES LITIGATION                          | ) |                          |
| ---------------------------------------------- | ) |                          |
| THIS DOCUMENT RELATES TO:                     | ) |                          |
|                                              | ) |                          |
| ALL CASES                                     | ) |                          |
| _____              | ) |                          |

OPINION AND ORDER

This matter is before the court on the plaintiffs' motion to strike FedEx

Ground Package System, Inc.'s third statement of genuine issues and additional

material facts (SGI). [Doc. No. 1916]. The plaintiffs contend that FedEx violated

Local Rule 56.1 of the Northern District of Indiana by responding to the plaintiffs'

statement of undisputed material facts (SUF) with argument and evasion;

misrepresentations; denials of facts directly from its own policies and corporate

documents, the sworn testimony of its highest-ranking officials and its sworn

discovery responses; and additional material facts that are unresponsive to the

plaintiffs' asserted facts. The plaintiffs ask the court to strike the SGI in its

entirety and all references of the SGI in FedEx's legal briefs. The court declines the

plaintiffs' request. First, it's appropriate for nonmoving parties to file additional

material facts in support of their opposition to summary judgment. Second,

although FedEx's responses in its SGI aren't a model of clarity, specifically

because FedEx disputes facts that are undisputable in an apparent attempt to

cloud the record, the court can review FedEx's responses without wading through the entire record to determine which material facts are actually undisputed. The court therefore DENIES the plaintiffs' motion, with the acknowledgment that the plaintiffs' concerns will be addressed when the court sets forth the undisputed material facts.

## I. Procedural History

In April 2008, the plaintiffs moved for summary adjudication of employment status in the first twenty certified classes and in response to the plaintiffs' SUF, FedEx filed its first SGI. A week later, FedEx filed a revised SGI. Doc. 1527. The plaintiffs moved to strike FedEx's filing. Doc. Nos. 1499-1500. In June 2008, the plaintiffs filed for summary adjudication of employment status in Missouri, Michigan, Virginia, Massachusetts, South Dakota, Montana and Illinois. In response, FedEx filed its Separate Statement of Genuine Issues (SSGI). Doc. # 1509. The plaintiffs moved to strike FedEx's SSGI. Doc. Nos. 1588, 1590. Then in September 2009, the plaintiffs moved for summary adjudication in eight more certified cases and FedEx filed its third SGI. Doc. 1893. The plaintiffs filed this motion to strike that document. Doc. # 1916.

This court hasn't ruled on the plaintiffs previous motions to strike FedEx's second SGI and SSGI, but the plaintiffs generally raise the same type of arguments that are addressed today, except the plaintiffs also argued in those previous motions that FedEx impermissibly relied on stricken declarations. The

court has already granted the plaintiffs' request to strike references to previously stricken declarations. Doc. # 2010. After reviewing the plaintiffs' remaining arguments to strike FedEx's second SGI and SSGI in their entirety, the court denies the plaintiffs' motions for the reasons set forth in this opinion.

## II. Discussion

As an initial matter, the plaintiffs ask the court to strike FedEx's list of additional facts, arguing that a nonmoving party can't assert "additional facts" in response to a summary judgment motion. The plaintiffs also argue that the entire third SGI should be stricken because FedEx responds with legal and factual argument, evasion, unsupported assertions and misrepresentations, and claims to dispute direct statements from its discovery responses, corporate documents and executives' sworn testimony. The plaintiffs note that FedEx disputed most of the plaintiffs' factual assertions even though the plaintiffs only relied on defense evidence in their SUF. Instead of indicating each perceived defect in the third SGI, the plaintiffs identify and offer illustrations of what they consider the most severe categories of violations. The plaintiffs present several examples of FedEx misrepresenting the evidence, making legal arguments, evading the facts, setting forth meaningless facts, and disputing direct quotations from its own policies, interrogatory answers and senior executives' sworn testimony.

FedEx responds that there's no prohibition against setting forth additional facts that are material to the issues raised by the plaintiffs' summary judgment

motions. Further, FedEx notes that it's entitled to dispute incomplete or inaccurate alleged facts by suppling missing information or otherwise providing context for the moving party's evidence. FedEx reasons that when the plaintiffs rely on alleged facts in their SUF that lack key information or are taken out of context, it's appropriate for FedEx to identify and substantiate those deficiencies as part of its demonstration to the court that the plaintiffs' alleged facts are in dispute. FedEx also responds that it's appropriate to identify admissible evidence in conflict with the plaintiffs' characterization of FedEx managers' and officers' testimony because citing to such conflicting evidence shows that the plaintiffs' evidence on a particular point is neither uniform nor complete.

### A. Statement of Additional Facts

Rule 56(e) of the Federal Rules of Civil Procedure establishes that the opposing party's "response must — by affidavits or as otherwise provided in this rule — set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). Local Rule 56.1 for the Northern District of Indiana provides that any party opposing a motion for summary judgment shall "serve and file . . . a response that shall include in its text or appendix thereto a 'Statement of Genuine Issues' setting forth, with appropriate citations to discovery responses, affidavits, depositions, or other admissible evidence, all material facts as to which it is contended there exists a genuine issue necessary to be litigated." N.D. IND. L.R. 56.1(a). When ruling on a summary judgment motion, the court accepts as true

the moving party's facts that are supported by admissible evidence, "except to the extent that such facts are controverted in the 'Statement of Genuine Issues' filed in opposition to the motion, as supported [by the record] . . . ."

Nothing in this district's rules prohibits a nonmoving party from filing a separate statement of additional relevant facts. The Northern District of Illinois expressly allows the nonmovant to file a separate statement of additional material facts that warrants denial of summary judgment. N.D. ILL. R. 56.1(b)(3)(C) ("Each party opposing a motion [for summary judgment] shall serve and file . . . a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment . . . ."). The form that the statement of genuine issues should take isn't specifically dictated by the Local Rules. Unlike the equivalent local rule in the Northern District of Illinois, Local Rule 56.1 for the Northern District of Indiana "does not require the non-moving party to respond in a paragraph-by-paragraph manner to the moving party's statement of material facts." Morfin v. City of East Chicago, 349 F.3d 989, 998, n. 11 (7th Cir. 2003). The non-moving party isn't required to respond to each and every fact, point by point, but the nonmoving party must "submit potentially determinative facts and identify factual disputes that may preclude summary judgment." Fausset v. Mortgage First, LLC, No. 4:09-CV-42, 2010 WL 987169, *3 (N.D. Ind. March 12, 2010). A party can set forth facts in the text of the response or an appendix to the response. There is nothing in the rules to suggest that a party cannot list additional relevant facts and the court declines to prohibit FedEx from doing so

5

in this case.

## B. Argument, Evasion and Improper Denials

"The purpose of the 56.1 statement is to identify for the Court the evidence supporting a party's factual assertions in an organized manner: it is not intended as a forum for factual or legal argument." <u>Graves v. Job Works, Inc.</u>, No. 3:07-CV-591, 2009 WL 4545108, *2 (N.D. Ind. Nov. 30, 2009). A court can strike a statement of genuine facts in its entirety if it's "so full of argument, evasion, and improper denials that it defeats the whole point of [the local rules] - to identify just what facts are actually in dispute." <u>Bordelon v. Chicago School Reform Bd. of Trustees</u>, 233 F.3d 524, 528 (7th Cir. 2000) (addressing Local Rule for the Northern District of Illinois and affirming the district court's order striking the statement, which contained evasive denials along with improper argument). The purpose of the statement of genuine facts isn't satisfied by citations to the record that support legal argument rather than controvert material facts. <u>Bordelon v. Chicago School Reform</u>, 233 F.3d at 528. For the statement to be useful, "denials must be made only if the material fact asserted is actually in dispute." <u>Id.</u> When the "material fact is not disputed (or [when] there is no evidence that controverts the fact), the district court is entitled to know that up front, without first having to examine citations to evidence having only marginal bearing on the question." <u>Id.</u> If improper denials in the statement of genuine facts are pervasive, the trial court can strike the entire statement; the purpose of the local rules "would be

defeated if the court were required to wade through improper denials and legal argument in search of a genuinely disputed fact." Id. at 528-529. Purely evasive or argumentative denials are improper and may be disregarded. American Hardware Mfrs. Ass'n. v. Reed Elsevier, Inc., No. 03-CV-9421, 2010 WL 55708, *1-2 (N.D. Ill. Jan. 4 2010).

The court has reviewed FedEx's SGI, particularly the paragraphs the plaintiffs say contain the most egregious violations. Some of FedEx's responses are appropriate and merely clarify or provide needed context to the plaintiffs' SUF. For example, plaintiffs' fact # 142 states that "pickup and delivery windows [affect] drivers' hours of work," citing FedEx's Chief Operating Officer Rodger Marticke. FedEx responds, in part, by stating that "[c]ontractors . . . may negotiate different pick-up times with their customer." The plaintiffs criticize FedEx for citing to Andrea Thompson's and Dan Sullivan's deposition for that fact because they "said no such thing." FedEx, however, directly quotes the deponents' testimony in its SGI, making it clear why they were cited; FedEx cites their deposition testimony to show that contractors may be able to work with FedEx to negotiate different delivery times. Further, FedEx cites to the deposition of Divisional Vice President Robert Holcombe, who testified that he's "known many contractors that do not adhere to any pickup windows, that they actually negotiate with the customer on their own what the pickup window is." Holcombe Dep., p. 179. FedEx properly attempts to explain plaintiffs' fact # 142 by providing evidence that shows that contractors may be able to negotiate different pick-up times.

7

On the other hand, there are several instances where FedEx has improperly denied the plaintiffs' statement of facts, responding with evasive and immaterial facts. For example, plaintiffs' fact # 61 states that "FXG management employees at all levels . . . are expected to know and follow the written company P&P using good judgment and business sense," citing deposition testimony from high level FedEx executives. FedEx spends a full page explaining that the OA governs the relationship between FedEx and contractors and suggesting that contractors and managers are only required to comply with the OA, not the policies and procedures. FedEx then explains that while managers must understand its policies and procedures, they have considerable discretion in determining when and how to apply them. After reviewing the cited evidence, it is apparent to the court that FedEx management employees are expected to know the policies and procedures and generally are expected to follow policies, which FedEx has stated outline a mandatory course of action. FedEx employees have more discretion in implementing procedures and may alter procedures, but only when doing so makes good business sense. FedEx's two-page single space response is immaterial to the extent FedEx discusses the OA and evasive to the extent it implies that policies and procedures needn't be followed by FedEx management.

Similarly, plaintiffs' fact # 85 states that "[a] driver does not have the right under the OA to refuse packages assigned to him or her that day by FXG. The driver has a responsibility to deliver them and to make all pickups assigned each day." The plaintiffs cite to former FedEx CEO Dan Sullivan, among other FedEx

officers, to support this fact. Mr. Sullivan testified that a contractor has the responsibility to deliver every package that is in his work area each day and every package assigned under the Flex Program, if applicable. FedEx disputes this with vague terms from the OA that don't contradict Mr. Sullivan's testimony. FedEx also states that the evidentiary record indicates that contractors turn down packages without consequences or informally flex packages between drivers. The evidence FedEx cites doesn't support this factual assertion, but even it FedEx properly cited to the record, it wouldn't place in question Mr. Sullivan's testimony that drivers are expected to deliver all their packages assigned to their area daily. This is one of many examples where FedEx has tried to dispute the plaintiffs' facts that show a right to control by presenting a few instances where FedEx didn't exert its control. But as stated during class certification, the issue is the right to control, so FedEx's evidence that it didn't always exercise the control reserved is immaterial.

Despite the improper denials and evasive responses in FedEx's SGI, the court doesn't find that FedEx's responses are plagued with repeated misrepresentations or unnecessary argument. In general, FedEx accurately indicates why it's disputing asserted facts and cites to the record in support. Although FedEx's reasons for denial might be improper and have unnecessarily clouded the record, the court is able to review FedEx's responses and determine what evidence actually is disputed and what factual assertions should be disregarded as irrelevant, unfounded, or evasive. *See* <u>Graves v. Job Works</u>, 2009

WL 4545108, at *3 (denying the defendants' motion to strike the plaintiff's response in its entirety as overly broad and unnecessary). Accordingly, the court finds that striking the entire SGI is too harsh and broad a remedy. The court is mindful of the plaintiffs' objections to FedEx's SGI and will consider these objections when reviewing the parties' factual assertions. The court therefore denies the plaintiffs' motion to strike.

III. CONCLUSION

For the reasons set forth above, the court DENIES the plaintiffs' motions to strike FedEx's second and third SGI and SSGI (Doc. Nos. 1499, 1588, and 1916). Plaintiffs' motion to strike filed on June 26, 2008 (Doc. No. 1428) was withdrawn on July 11, 2008 and so is denied as moot.

SO ORDERED.

ENTERED:  April 28, 2010

           /s/ Robert L. Miller, Jr.
Judge
United States District Court